NATIONAL BANK OF LUMBERTON v. G. W. LENNON ET AL.

(Filed 3 November, 1915.)

**Banks and Banking—Cashier—Principal and Agent—Bills and Notes—Release of Liability—Consideration—Ultra Vires Acts.**

There is no implied authority given to a cashier of a bank, by virtue of his office, to release, without consideration, one of the joint makers from his liability on a note given to the bank; and when it is shown that the cashier agreed that if one of the two makers of a partnership note paid a certain amount upon a well-secured note given by the other individually to the bank, such other maker would be released from all liability on the joint note sued on, the transaction is without consideration and the bank is not bound thereby.

APPEAL by defendant Lennon from *Allen, J.,* at March Term, 1915, of ROBESON.

*Johnson & Johnson and McIntyre, Lawrence & Proctor for plaintiff.*
*McLean, Varser & McLean and Robert E. Lee for defendants.*

CLARK, C. J. This is an action against the defendants Lennon and Edens, makers, on a note for $500, and against the defendants Hinson Bros., as endorsers.

The defendants Lennon and Edens formed a partnership and purchased a livery business from Hinson Bros. for $1,500. To pay the purchase money Lennon borrowed $500 from the plaintiff on his individual note, secured by a mortgage on real estate, and paid this $500 to Hinson Bros. on the purchase money. For the other $1,000, Lennon and Edens executed to Hinson Bros. two notes for $500 each, secured by chattel mortgages upon the livery, teams and equipment purchased. When the first of these two notes became due, Lennon and Edens being unable to pay it, the plaintiff, at their request, paid Hinson Bros. the amount due upon that note, and they endorsed the note over to the plaintiff. This is the note sued on. Afterwards Lennon and Edens dissolved partnership, leaving this $500 note in the hands of plaintiff, unpaid, as well as the $500 note which had been executed to plaintiff by the defendant Lennon and which was secured by mortgage on real estate.

Upon the trial the defendant Lennon contended that plaintiff's cashier had released him from liability upon the note sued on. He testified that in July, 1910, when he and Edens dissolved partnership, said cashier agreed that if Edens would pay $300 on the $500 note which plaintiff held against defendant Lennon, which was secured by the real estate mortgage, the plaintiff would not only release Lennon from liability on the said note, but would also release him from liability on the $500 note which the plaintiff had purchased from Hinson Bros., signed by Lennon and Edens, and the cashier further agreed that he would look to Edens alone for payment of both notes. This alleged agreement was denied

by the cashier, who testified that the defendant Lennon was released from liability only on the $500 note secured by the real estate mortgage, on which note Edens paid $300, and that Lennon and Edens had a sufficient deposit with plaintiff to pay the balance on that note, but that there was no agreement to release defendant Lennon from liability on the $500 note which plaintiff had purchased from Hinson Bros., which is the note sued upon. It was conceded that at the time of the alleged agreement the $500 note secured by the real estate mortgage (on which the $300 was paid) was past due and was secured by a mortgage on real estate worth several times the amount of that note, and that Edens was then insolvent to the knowledge of both defendant Lennon and plaintiff's cashier, and is still insolvent.

At the conclusion of the testimony the plaintiff moved that the court direct the jury to find the issue for the plaintiff if they believed the defendant Lennon's testimony, for that there was no consideration for his release from liability, and, further, that the plaintiff's cashier had no power or authority to release defendant Lennon from liability on the note now in suit, he being then solvent and there being no dispute about his liability at that time or as to the amount due on the note. The court charged the jury to find the issues against the defendant Lennon, if they believed the evidence and found the facts to be as testified. In this there was no error.

There was no evidence that Lennon had been legally discharged from liability upon said note by an agreement with the plaintiff's cashier, for there was no consideration for said agreement. The other $500 note on which the $300 was to be paid was already past due and was secured by a mortgage on real estate worth several thousand dollars. There was no consideration, therefore, to release Lennon from liability on this $500 note on which Edens, who was insolvent, was the other party.

Besides, the plaintiff's cashier had no power or authority to make such agreement as herein alleged, by virtue of his office, and no express authority is shown. In *Bank v. Wilson,* 124 N. C., 564, it is said: "The alleged agreement was beyond the scope of the agency of a cashier and without consideration, and therefore void. . . . Such transactions are not within the ordinary dealings of the bank, and cannot be encouraged."

In the note to *Bank v. Moore,* 28 L. R. A. (N. S.), 501, the authorities are thus summed up: "It is a general rule, recognized by the great majority of the cases, that the president or cashier or any other similar executive officer of the bank has no authority, simply by virtue of his office, to bind his bank by an agreement made with the maker or endorsers of commercial paper, payable to the bank, that their liability on such paper will not be enforced."

No error.