## W. F. MANLY v. W. F. BEAM.

### (Filed 9 December, 1925.)

**1. Bills and Notes—Release of Party Thereto—Statutes—Consideration.**

The right of an obligor to defend an action against himself on a negotiable note under the provisions of C. S., 3104, that the holder may expressly renounce his right against any party to the instrument before, at or after its maturity, rests by statute, and may be done by virtue thereof only as therein expressed when the release is in writing, and may not be shown when resting only by parol. C. S., 3101, relating to the discharge of the instrument, has no application.

**2. Same—"Release"—Discharge.**

The release by the holder of a negotiable instrument of his right against any party thereto to hold him liable, is the same in legal effect as the renunciation of this right.

APPEAL by defendant from judgment of Superior Court of FORSYTH County, March Term, 1925, *Schenck, J.* No error.

Action upon note for $7,000, dated at Madison, Georgia, on 25 January, 1918, due on or before 1 January, 1919, payable to the order of plaintiff, Mrs. W. F. Manly, and executed by defendant, W. F. Beam and W. G. Thompson. The execution of the note is admitted; defendant, however, in his answer, as a defense to the action thereon, alleges "that this defendant was released by the said plaintiff from any further liability on the said note when the same was assumed by one W. G. Thompson and J. W. Carroll, the plaintiff agreeing to the assumption of the liability of this defendant on the said note by the said J. W. Carroll, the said defendant giving such consideration for his release as was demanded by plaintiff." Payments of interest accrued on said note on 25 January, 1919, and 25 January, 1920, are admitted; it is also admitted that the note was properly credited with the sum of $3,365.00 on 9 January, 1923, the said sum having been derived from the sale of land upon foreclosure of a mortgage or deed of trust securing the payment of said note.

The issue submitted to and answered by the jury was as follows: "In what sum, if any, is the defendant indebted to plaintiff upon the note described in the complaint? Answer: $5,915.30, and interest on $3,635.00 from 9 March, 1925, until paid at the rate of 8%."

From judgment upon this verdict, defendant appealed to the Supreme Court.

*Swink, Clement & Hutchins for plaintiff.*
*Walter E. Brock and Graves & Graves for defendant.*

CONNOR, J. The consideration for the note sued on in this action was money loaned by plaintiff, Mrs. W. F. Manly, to defendant, W. F. Beam

and W. G. Thompson, with which they paid the purchase price of a tract of land situate in Morgan County, Georgia. The note was secured by a mortgage or deed of trust on said land. The only payment made thereon, was from the proceeds of the sale of the land upon foreclosure of the mortgage or deed of trust, after the timber had been cut and removed therefrom by J. W. Carroll, to whom it was sold by Beam and Thompson. As part of the consideration of the conveyance to him of said timber, J. W. Carroll agreed to assume the liability of defendant, W. F. Beam, on the note held by Mrs. Manly. On 30 April, 1918, J. W. Carroll signed an endorsement written on said note by W. G. Thompson in the following words:

"For value received, I hereby agree to assume the part of liability of W. F. Beam as to within note. 4/30/1918.    J. W. CARROLL."

At the time this endorsement was written on said note and signed by Carroll, the note was in the possession of W. G. Thompson, who was cashier of the Morgan County Bank. Mrs. Manly was not present. She had left the note, with other papers, with said bank for safe-keeping. It is admitted that Mrs. Manly has not released defendant in writing from liability on said note as one of the makers thereof.

As evidence of his release by plaintiff, as alleged in his answer, defendant offered the testimony of W. G. Thompson, a witness in his behalf, that after J. W. Carroll had signed the endorsement on the note, he showed the same to plaintiff, and advised her that defendant, W. F. Beam, wished to be released of liability on the note; that plaintiff said "it would be all right"; and that thereafter the note, with the endorsement signed by J. W. Carroll, was delivered to plaintiff. Plaintiff objected to this testimony. The objection was sustained, and defendant excepted. Upon his appeal to this Court, defendant relies chiefly upon his assignment of error based upon this exception.

The right of plaintiff, holder of the note, to release defendant, as one of the makers thereof, from liability, is not controverted by plaintiff; nor does she contend that such release would not be a good and valid defense to her action on the note against defendant. The objection to the testimony, offered by defendant to prove such release, is based upon the contention that evidence of a parol release of a party to a negotiable instrument is incompetent; that only a release, in writing, of such liability, would avail defendant as a defense in this action.

C. S., 3104, provides that the holder of a negotiable instrument may expressly renounce his rights against any party to the instrument before, at or after its maturity. An absolute and unconditional renunciation of his rights against the principal debtor, made at or after maturity of

the instrument discharges the instrument. The renunciation, however, must be in writing, unless the instrument is delivered up to the person primarily liable thereon.

The note sued on in this action is a negotiable instrument; plaintiff is the holder of said note; it has not been delivered up to the person primarily liable; a renunciation of her right to hold defendant liable on the note as one of the makers, in order to avail defendant, as a defense to an action against him on the note, must be in writing. A parol renunciation is not sufficient.

No substantial distinction can be made between the renunciation of a right, and the release of one from liability upon the enforcement of a right. A distinction was sought to be made in *Whitcomb v. National Exchange Bank,* 123 Md., 612, 91 Atl., 689. *Justice Urner,* in the opinion for the Court of Appeals of Maryland, says: "Undoubtedly the word 'renunciation' as used in the section quoted (identical with C. S., 3104), appropriately describes the act of surrendering a right or claim without recompense, but it can be applied with equal propriety to the relinquishment of a demand upon an agreement supported by a consideration." It was there held that by virtue of the statute, a party to a negotiable instrument can be released from liability thereon only by a writing, unless the instrument is delivered up to the person primarily liable. In *Baldwin v. Daly,* 41 Wash., 416, 83 Pac., 724, it was held that an agreement by the payee of a note to release the surety, while supported by a sufficient consideration, was ineffective because the renunciation was not in writing, as required by the Uniform Negotiable Instruments Act, in force in that state. In *Dickinson v. Vail,* (Mo.), 203 S. W., 635, plaintiff insisted that this section of the Uniform Negotiable Instruments Act only refers to and includes releases which were made without consideration. The Court says: "Plaintiff's idea seems to be that the word 'renunciation' used in the statute was not a bargain, but a renouncing in the sense of refusal to have further to do with the thing renounced. We think that not a proper construction of the statute, and that the renunciation may be made for a consideration." The release relied upon in that case admittedly was for a consideration, and being in writing, judgment for defendant was affirmed. See, also, *Pitt v. Little,* (Wash.), 108 Pac., 941; *North Pacific Mortgage Co. v. Krewson,* (Wash.), 224 Pac., 566, 3 R. C. L., 1270, 8 C. J., 615.

In Daniel on Negotiable Instruments, 6 ed., sec. 1290, it is said that the Negotiable Instruments Statute recognizes the right of a holder to renounce his rights against any party to the instrument, and defines the conditions to a renunciation. "The word 'renunciation' is used in the statute in the sense of 'release,' and a release of the maker or surety can-

not be shown by parol but must be in writing, when the note has not been surrendered."

C. S., 3101, prescribing how a negotiable instrument may be discharged, and prescribing, among other things, that it is discharged by any act which will discharge a simple contract for the payment of money, has no application to defendant's contention in this action; it is not contended that the note has been discharged; the defense is that defendant has been released by the substitution of the liability of J. W. Carroll for the liability of defendant, and that by the acceptance of this substitution, plaintiff has released defendant. Defendant concedes that the note is still in force. See *Whitcomb v. National Exchange Bank, supra,* where it is held that the construction therein of the section of the Negotiable Instruments Act which is C. S., 3104, is not inconsistent with the section which is C. S., 3101. "It is to be noted that section 138 (C. S., 3101), is confined to a designation of the *acts* which discharge the instrument and does not purport to prescribe the character of proof by which they may be established. Sec. 141 (C. S., 3104), deals specifically with the subject of discharge by renunciation and provides in effect that an extinguishment of liability to be thus accomplished must be evidenced by writing, unless the instrument is delivered up to the party primarily liable."

The construction of sec. 122 of the Uniform Negotiable Instruments Act (C. S., 3104), by the courts of jurisdictions in which the act has become the law, is well supported upon principle and by authorities. We adopt and approve this construction. A renunciation or release, whether with or without consideration, by the holder of a negotiable instrument, of rights against any party to the instrument, must be in writing, unless the instrument is delivered up to the person primarily liable. Such renunciation or release cannot be shown by parol evidence. Decisions cited in defendant's brief, apparently to the contrary, were rendered prior to the enactment in this State of the Uniform Negotiable Instruments Act, which has been in force in this State since its ratification on 8 March, 1899.

There was no error in sustaining plaintiff's objection to the testimony of the witness, W. G. Thompson, offered by defendant to prove a parol release by plaintiff of defendant from liability as a maker of the note. The execution of the note being admitted, and there being no contention that same has been paid, it seems needless to discuss the remaining assignments of error. They seem to have been made to support defendant's contention that evidence of a parol release was competent to be submitted to the jury. The law being to the contrary, we must affirm the judgment.

No error.