PAGE TRUST COMPANY v. A. T. LEWIS, J. R. McQUEEN AND W. A. STUART; AND PAGE TRUST COMPANY v. A. T. LEWIS, J. R. Mc-QUEEN, W. A. STUART AND L. T. WADDILL AND PAUL H. WADDILL, EXECUTORS OF J. E. WADDILL, DECEASED.

(Filed 27 January, 1931.)

**1. Bills and Notes G c—Judgment by confession discharges maker of note but not endorsers and sureties thereon who are not parties.**

A confessed judgment by the maker of a note merges the note in the judgment and operates as a discharge of the note as between the maker and the payee, but does not operate as a discharge of the endorsers or sureties on the note unless they are parties to the judgment.

2. **Banks and Banking C b——Bank official has no authority to discharge endorsers on note upon confession of judgment by maker.**

The vice-president, cashier, or other head official of a bank has no implied authority by virtue of his office to release the endorsers or sureties on a note upon the confession of judgment by the principal.

3. **Bills and Notes D b——Parol agreement to discharge endorsers held unenforceable.**

A parol agreement between an official of a bank that the bank would release the endorsers or sureties on a note upon the maker confessing judgment thereon is not enforceable, the agreement being in derogation of the written terms of the instrument. C. S., 3104.

4. **Appeal and Error J g——Right of appellant to accounting held preserved on state of record in this case.**

Where an insolvent corporation has executed to a bank its promissory note with endorsers thereon, and has submitted to a confession of judgment on the note for the purpose of releasing itself and its endorsers, but which did not have the effect of releasing the latter, if the endorsers have any remedy against the bank by accounting they may be presented through a referee appointed by the court to pass upon all claims that may be asserted against the corporation maker of the note.

ADAMS, J., took no part in the decision of this case.

CIVIL ACTION, before *Barnhill, J.,* at March Term, 1930, of MOORE. Two actions were instituted by the plaintiff against the defendants to recover upon promissory notes aggregating $25,000. The first suit involved a note of $5,000 executed by the defendants, A. T. Lewis, J. R. McQueen and W. A. Stuart. The second suit was brought by the plaintiff, Page Trust Company, against A. T. Lewis, J. R. McQueen, W. A. Stuart, L. T. Waddill and Paul H. Waddill, executors of J. E. Waddill, deceased, to recover upon promissory notes, aggregating $20,000, executed by Jennings Company and endorsed by said individual defendants. These two suits were consolidated and tried together.

The Jennings Motor Company was engaged in business in Moore County and held the Ford Agency in Carthage. J. R. McQueen was president of the company and A. T. Lewis and W. A. Stuart were officers thereof. The Motor Company had executed notes to the plaintiff Trust Company from time to time, aggregating $20,000, and the individual defendants in the first suit had borrowed the sum of $5,000 for the use of said company and had executed and delivered as evidence of the indebtedness their promissory note for $5,000.

The corporation became insolvent, and on or about 13 February, 1928, there was a conference between the Page Trust Company and the Motor Company. At this conference it was agreed that the Motor Company should confess judgment in favor of the Trust Company for the total amount of the indebtedness, aggregating $26,800. The confession

of judgment was duly entered by the clerk of the Superior Court of Moore County for said sum on 13 February, 1928. Thereafter execution was issued upon said judgment and levied upon the property of the corporation, and the same was advertised for sale on 1 March, 1928. Whereupon, certain creditors of the Motor Company instituted an action entitled Cheek *et al. v.* Jennings Motor Company, Page Trust Company *et al.,* for the purpose of having a receiver appointed for said Motor Company. The defendants "at the beginning of the trial admitted the endorsement of the notes set out in the complaint and admitted liability thereon except for the defenses set out in the answer." The defenses set out in the answer were to the effect that at the conference between the Page Trust Company and the officers of the Motor Company, it was understood and agreed that, if the Motor Company would confess judgment for the amount of the notes in favor of the Trust Company, the Trust Company would relieve and release the defendants as endorsers upon said notes of all liability thereon.

The following issues in the consolidated cases were submitted to the jury:

1. "Was the debt for which defendants were liable as endorsers as set out in the complaint, paid off and discharged, as alleged in the answer?"

2. "In what sum, if anything, are defendants indebted to the plaintiff?"

The trial judge instructed the jury to answer the first issue "No," and by consent of the parties the court answered the second issue in the amount of indebtedness claimed by the plaintiff.

A stipulation signed by counsel appears in the record to the effect that Walter E. Porter was appointed permanent receiver of the Motor Company; that all assets of the company were sold by said receiver by order of court and purchased by John Nichols for the sum of $10,010; that said sale has been approved by the court and the receiver ordered to make a deed or bill of sale for said property to the said Nichols upon the payment of the purchase price, and that the receiver has in hand subject to the further order of the court the said sum of money. The stipulation further shows that an order was duly made by the court appointing H. N. Robbins referee to pass upon all claims against the Motor Company.

Judgment was entered upon the verdict and the trial judge also entered the following order:

"There is expressly reserved from the operations of the judgment entered in this cause, at this term, the equity or equities, if any, of the defendants to an accounting by the Page Trust Company and John Nichols, either or both, for the value of the assets of the Jennings Motor

Company purchased at the receiver's sale; and said judgment shall not operate as an estoppel in regard thereto; the verbiage of this paragraph is without prejudice to or effect upon the rights or liabilities of the parties upon such accounting."

From the foregoing judgment the defendants appealed.

*U. L. Spence for plaintiff.*
*Hoyle & Hoyle for defendant.*

BROGDEN, J. 1. Does a confession of judgment by the maker of a promissory negotiable note release and discharge the liability of the endorsers of said note, who are not parties to said confession of judgment?

2. Is an oral agreement valid and enforceable between the vice-president of a bank, which holds negotiable promissory notes, executed by a corporation, and the endorsers of said notes, who are officers of the corporation, that the bank will release said endorsers from all liability on the notes if such endorsers will procure a confession of judgment in favor of the bank by the corporation?

The law answers the first question in the negative. *Bank v. Lumber Co.,* 123 N. C., 24, 31 S. E., 348. In that case a confessed judgment was involved and the Court said: "Between the parties to an action wherein a judgment is rendered the judgment is a merger and the note or instrument sued upon is extinguished; but as to sureties or endorsers who are not parties to the judgment, there is no merger or extinguishment of the note or instrument."

Likewise, the law answers the second question in the negative. *Bank v. Lennon,* 170 N. C., 10, 86 S. E., 715; *Bank v. West,* 184 N. C., 220, 114 S. E., 178; *Manly v. Beam,* 190 N. C., 659, 130 S. E., 633. C. S., 3104. *Bank v. Clark,* 198 N. C., 169, 151 S. E., 102. In the *Lennon case, supra,* the Court held that the cashier of a bank had no power to release the liability of a party upon a note upon the payment of a certain sum by another party to the same instrument upon the ground that such an agreement was without consideration, and upon the further ground that the "cashier had no power or authority to make such agreement as  .  .  .  alleged, by virtue of his office and no express authority is shown." Moreover, under the provisions of C. S., 3104 a verbal renunciation is ineffective. Thus, in *Manly v. Beam, supra,* the Court said: "The note sued on in this action is a negotiable instrument; plaintiff is the holder of said note; it has not been delivered up to the person primarily liable; a renunciation of her right to hold defendant liable on the note as one of the makers, in order to avail defendant, as a defense to an action against him on the note, must be in writing. A parol renunciation is not sufficient."

10—200

In the case at bar the trial judge appointed a referee to pass upon all claims that may be asserted against the Motor Company. Hence, if the defendants have any right to assert against the Page Trust Company upon an accounting, such right is fully preserved. Therefore, we hold that upon the record the ruling of the trial judge was correct.

Affirmed.

ADAMS, J., took no part in the decision of this case.