THE BANK OF THE UNITED STATES, Respondent, *v.* ARMIN MANHEIM, Appellant.

(Argued December 11, 1933; decided March 6, 1934.)

*Jay Leo Rothschild* and *Louis Rivkin* for appellant. The court erred in directing a verdict for the plaintiff, because a question of fact was presented with respect to

whether or not an agreement was made between plaintiff and defendant for the release of defendant's obligation, in consideration of defendant's procuring for plaintiff an assignment of accounts from the corporation. (*Kavanagh* v. *Wilson*, 70 N. Y. 177; *Greenpoint Nat. Bank* v. *Gilbert*, 237 N. Y. 19; *McDonald* v. *Metropolitan St. Ry. Co.*, 167 N. Y. 66; *Phœnix Mut. Life Ins. Co.* v. *Doster*, 106 U. S. 30; *Fealey* v. *Bull*, 163 N. Y. 397; *Dwight* v. *Germania Life Ins. Co.*, 103 N. Y. 341; *Anderson* v. *Southern Cotton Oil Co.*, 74 So. Rep. 975; *Matter of Bennett*, 207 App. Div. 388; 238 N. Y. 583; *State Bank* v. *Siff*, 228 App. Div. 2; 254 N. Y. 627.) The counterclaim for cancellation of defendant's obligation, predicated upon an executed consideration, was entirely valid, and free from any objection by reason either of the Statute of Frauds or of section 203 of the Negotiable Instruments Law. (Cons. Laws, ch. 38; *McCreery* v. *Day*, 119 N. Y. 1; *McIntosh* v. *Miner*, 37 App. Div. 483; *Schwartzreich* v. *Bauman-Basch*, 231 N. Y. 196; *Susquehanna S. S. Co.* v. *Anderson & Co.*, 239 N. Y. 285; *McGlynn* v. *Granstrom*, 169 Minn. 164; *Gorin* v. *Wiley*, 215 Ill. App. 541; *Hall* v. *Wichita State Bank*, 254 S. W. Rep. 1036; *Lockhart State Bank* v. *Baker*, 264 S. W. Rep. 566; *Forreston* v. *Waxahachie*, 271 S. W. Rep. 290; *Farmers State Bank* v. *Cottingham*, 261 S. W. Rep. 426; *Bradley* v. *McLoughlin*, 87 Okla. 34; *Jones* v. *Wettlin*, 39 Wyo. 331; *Epstein* v. *Gradowitz*, 76 Cal. App. 29; *Hinton First Nat. Bank* v. *Young*, 145 S. E. Rep. 39; *Henson* v. *Henson*, 151 Tenn. 137; *Hazelhurst Oil Mill Co.* v. *Booze*, 160 Miss. 136.)

*Edward Garfield, Arthur Ofner, Warren C. Fielding* and *Carl J. Austrian* for respondent. The oral agreement of release pleaded by defendant is unenforceable under section 203 of the Negotiable Instruments Law. (*Whitcomb* v. *National Exchange Bank*. 123 Md. 612; *Baldwin* v. *Daly*, 41 Wash. 416; *Manly* v. *Beam*, 190 N. C. 649; *Page Trust Co.* v. *Lewis*, 200 N. C. 286; *Tisdel* v. *Bank*, 90 Col. 114; *Portland Iron Works* v. *Siemens*, 135 Ore.

219; *Dean* v. *Lyde*, 223 Ala. 394; *Pitt* v. *Little*, 58 Wash. 355.) The trial court was justified in directing a verdict in favor of the plaintiff pursuant to section 457-a of the Civil Practice Act. (*Kaplan* v. *Goodman*, 187 App. Div. 505; *Dwight* v. *Germania Life Ins. Co.*, 103 N. Y. 341; *Fealey* v. *Bull*, 163 N. Y. 397; *Linkauf* v. *Lombard*, 137 N. Y. 417; *Hemmens* v. *Nelson*, 138 N. Y. 517; *Matter of Case*, 214 N. Y. 199; *Matter of Nicholas*, 216 App. Div. 399; 244 N. Y. 531; *Matter of Stern*, 235 App. Div. 60; 261 N. Y. 617; *Matter of Bennett*, 207 App. Div. 388; 238 N. Y. 583; *State Bank* v. *Siff*, 228 App. Div. 2; 254 N. Y. 627; *Serina* v. *New York Rys. Corp.*, 238 App. Div. 302.)

O'BRIEN, J. The complaint alleges and the answer admits that July 7, 1926, Tex-O-Ray Corporation executed a note for $35,000 payable to itself four months after date at plaintiff's predecessor, Central Mercantile Bank; that the note was indorsed by the maker and by defendant and that it was delivered to the bank for value and before maturity. The answer denies the allegation that the note has not been paid and for a separate defense and counterclaim sets up allegations that defendant and the bank in August, 1926, agreed, in consideration of the procurement by defendant of an assignment to the bank by the Tex-O-Ray Corporation of its accounts and assets, that the bank would release defendant from his obligation as indorser. The answer further alleges that defendant did cause the corporation's accounts and assets to be assigned to the bank which received various sums by reason of such assignment and demands that the complaint be dismissed and that defendant's signature on the note be canceled. The reply denies the alleged agreement to release defendant from his obligation as indorser, the assignment of the accounts and assets of the corporation as a result of defendant's efforts and the receipt of various sums of money by reason of the assignment of the corporation's accounts and assets. At the trial defendant was allowed to plead as an added defense the allega-

tion that at the time of the commencement of this action the note had been fully paid. This allegation, as stated at the trial, is deemed denied.

Defendant in his bill of particulars specifies that the agreement, by which he argues that he was released from his liability as indorser, was oral and was made between himself and the president of the bank. Section 203 of the Negotiable Instruments Law (Cons. Laws, ch. 38) provides: "" Renunciation by holder. The holder may expressly renounce his rights against any party to the instrument, before, at or after its maturity. An absolute and unconditional renunciation of his rights against the principal debtor made at or after the maturity of the instrument, discharges the instrument. But a renunciation does not affect the rights of a holder in due course without notice. A renunciation must be in writing, unless the instrument is delivered up to the person primarily liable thereon." This language seems plain and clear, in so far as some kind of a writing is required, in the absence of consideration or of delivery of the instrument to the person primarily liable. Although the Appellate Division in *Leask* v. *Dew* (102 App. Div. 529, 534; affd., without opinion, 184 N. Y. 599) observed obscurity in the statute, it certainly did not express a belief that, in the absence of a supporting consideration, its doubt was directed toward any lack of clarity concerning the necessity of some kind of a writing. In that case there was a writing but it did not comply with the requirements of section 203. It did not constitute an express renunciation during the lifetime of the payee. The letter was merely expressive of a wish that the note be canceled in case of the death of the payee. Far from casting doubt upon the proposition that the holder, in the absence of consideration passing to him, cannot orally renounce, the decision emphasizes the rule that renunciation, unsupported by a consideration, can

be effected only by such a writing as demonstrates a present, absolute and unconditional intention to renounce.

Appellant cites many cases in other jurisdictions which support his construction of the provisions of section 203 as they are incorporated in the statutes enacted by those States. (*McGlynn* v. *Graustrom,* 169 Minn. 164; *Jones* v. *Wettlin,* 39 Wyo. 331; *Hall* v. *Wichita State Bank & Trust Co.,* [Tex.] 254 S. W. Rep. 1036; *Gorin* v. *Wiley,* 215 Ill. App. 541; 3 Williston on Contracts, § 1833.) Respondent replies with citations of *Whitcomb* v. *National Exchange Bank* (123 Md. 612); *Baldwin* v. *Daly* (41 Wash. 416); *Manly* v. *Beam* (190 N. C. 659); *Page Trust Co.* v. *Lewis* (200 N. C. 286); *Tisdel* v. *Central Sav. Bank & Trust Co.,* 90 Col. 114, 131); *Portland Iron Works* v. *Siemens* (135 Ore. 219); Daniel on Negotiable Instruments ([6th ed.], § 1290); 2 Joyce's Defenses to Commercial Paper ([2d ed.], § 998). We think the weight of authority as well as reason and justice leans in the direction of appellant. His contention that the purpose of the enactment of section 203 was to afford a means of cancellation without consideration is, in our opinion, meritorious. Prior to the adoption of this section, consideration was essential in many States, including New York (*Crawford* v. *Millspaugh,* 13 Johns. 87; *Seymour* v. *Minturn,* 17 Johns. 169), to make the discharge of a party effectual. Under the present law, however, a written consent, without consideration, is intended to lead to a discharge (3 Williston on Contracts, § 1833); so also, as we think, is an oral agreement based upon an executed consideration. Section 203, as we interpret it, requires a written renunciation only when no consideration passes. One who orally promises to renounce and does in fact accept a thing of value in exchange for such promise must be deemed to be estopped in the same degree as any other party affected by a statute of frauds where there has been full performance. (*Thomson* v. *Poor,* 147 N. Y. 402; *Imperator*

*Realty Co.* v. *Tull,* 228 N. Y. 447; *Foreman* v. *Foreman,* 251 N. Y. 237.) The instrument itself, pursuant to section 200, may be discharged by any act which will discharge a simple contract for the payment of money. The holder's rights against an indorser may of course be renounced without discharging the instrument, but the statute, as now existing, is not intended to erect an obstacle in the way of renunciation of rights against a party more difficult than in the manner of discharging the instrument itself. A negotiable instrument, like a simple contract for the payment of money (§ 200), may be discharged by oral agreement supported by an executed consideration. No inference is warranted that a similar method respecting renunciation of rights against an indorser would not be efficacious. This is the view taken in many of the States and we think it is correct.

The pleadings create issues of fact whether an oral agreement was made for the release of defendant, whether the corporation's assignment of its accounts was made as the result of defendant's efforts and whether such efforts, if exerted and consummated, were referable to an oral agreement to discharge defendant, whether plaintiff received any sums of money by reason of the corporation's assignment and whether this note for $35,000 has been paid. The trial judge directed a verdict in favor of plaintiff. Does the evidence establish substantial conflict on any essential point? Has defendant produced any evidence which is not insufficient as matter of law? Has he presented more than a scintilla? If he has failed, the direction of a verdict against him was proper.

All the testimony of witnesses for both parties has been carefully examined and scrutinized. To repeat it in detail would serve no useful purpose. The fact appears practically beyond any possibility of controversy that this note in suit has not been paid. On the issue whether the assignment of the corporate accounts was made as the result of defendant's efforts and whether plaintiff

received moneys by reason of the assignment, the evidence is strongly in favor of defendant, but on the issue whether the assignment is in any way referable to an oral agreement to discharge defendant from liability as indorser and on the issue whether any such agreement was made, the testimony of defendant and his son-in-law is so highly improbable that it fails to rise to the standard of substantial evidence. The effect of their testimony is entirely destroyed by defendant's admission that he never took the trouble to obtain a physical cancellation or a written discharge prior to December, 1926, and that after that date he made no further request for either and by the fact that no conceivable motive can be assigned for such action as defendant, who was solvent while the maker of the note was on the brink of bankruptcy, asserts the bank took in respect to releasing him. A verdict for defendant, if rendered by a jury on such testimony, would necessarily have to be set aside. As matter of law it could not stand. There was no credible evidence to support it. The direction was, therefore, proper. (*Matter of Case*, 214 N. Y. 199; *Getty* v. *Williams Silver Co.*, 221 N. Y. 34; *Matter of Burnham*, 234 N. Y. 475; *Matter of Bennett*, 238 N. Y. 583; *Matter of Nicholas*, 244 N. Y. 531; *Matter of Stern*, 261 N. Y. 617.) The doctrine as set forth in the two cases first cited finds legislative recognition in section 457-a of the Civil Practice Act, which is merely declaratory of the existing law.

The judgment should be affirmed, with costs. (See 264 N. Y. 511.)

POUND, Ch. J., CRANE, LEHMAN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not sitting.

Judgment affirmed.