In the Matter of the Probate of the Will of FLORA M. WHIPPLE, Deceased.

ARTHUR DUNKS et al., Appellants; ELIZABETH DELAPP, Respondent.

Argued April 12, 1945; decided May 24, 1945.

*Richard T. Anderson* and *Donald V. Carr* for appellants. I. The evidence created a clear question of fact as to the proper execution of the alleged will. (*Matter of Keeffe,* 155 App. Div. 575, 209 N. Y. 535; *Matter of Redway,* 238 App. Div. 653; *Woolley* v. *Woolley et al.,* 95 N. Y. 231; *Matter of Turell,* 166 N. Y. 330; *Matter of Cogan,* 184 App. Div. 198, 226 N. Y. 694; *Gilbert* v. *Knox et al.,* 52 N. Y. 125.) II. The trial court's refusal to direct a verdict or to set aside the verdict was proper and the Appellate Division's action in both instances was improper. (*Matter of Strong,* 179 App. Div. 539; *Matter of Lamerdin,* 250 App. Div. 133; *Ruthizer* v. *Bass Dress Corp.,* 264 App. Div. 372; *McNally et al.* v. *P. Ins. Co.,* 137 N. Y. 389; *Touris* v. *Fairmont Creamery Co.,* 228 App. Div. 569; *Matter of Lawler,* 195 App. Div. 27; *Matter of Kindberg,* 207 N. Y. 220; *Matter of Rapp,* 194 App. Div. 88; *Matter of Redway,* 238 App. Div. 653; *Hagan* v. *Sone,* 174 N. Y. 317; *Matter of Burnham,* 234 N. Y. 475; *Getty* v. *Williams Silver Co.,* 221 N. Y. 34; *Blum* v. *Fresh Grown Preserve Corp.,* 292 N. Y. 241; *Imbrey* v. *Prudential Insurance Co.,* 286 N. Y. 434.) III. The reversals '' on the law '' were clearly erroneous. (*Matter of Delmar,* 243 N. Y. 7; *Matter of Roberts,* 246 App. Div. 87; *Matter of Lamerdin,* 250 App. Div. 133.)

*Sidney H. Singer* and *Morris Garber* for respondent. I. The evidence established beyond any reasonable doubt that the will was duly executed and therefore the Appellate Division properly ordered that it be admitted to probate. (*Rees* v. *Rees* [1873], [L. R.], 3 Pr. & Div. 84; *Matter of Sizer*, 129 App. Div. 7, 195 N. Y. 528; *Matter of Nelson*, 141 N. Y. 152; *Matter of Hunt*, 110 N. Y. 278; *Lane* v. *Lane*, 95 N. Y. 494; *Matter of Will of Cottrell*, 95 N. Y. 329; *Matter of Bernsee*, 141 N. Y. 389; *Matter of Katz*, 277 N. Y. 470; *Wyman* v. *Wyman*, 118 App. Div. 109, 197 N. Y. 524.) II. The Appellate Division properly exercised its power to grant the motion for a directed verdict in proponent's favor. (*Matter of Case*, 214 N. Y. 199; *Matter of Ruef*, 180 App. Div. 203, 223 N. Y. 582; *Matter of Bennett*, 207 App. Div. 388, 238 N. Y. 583; *Matter of Burke*, 250 App. Div. 855, 276 N. Y. 497; *Matter of Sweeny*, 178 App. Div. 780, 222 N. Y. 658; *Heskell* v. *Auburn L., H. & P. Co.*, 209 N. Y. 86; *Matter of Price*, 254 App. Div. 477, 279 N. Y. 700; *Matter of Case*, 214 N. Y. 199.)

*Per Curiam.* It was within the power of the Appellate Division, in the exercise of its discretion, to reverse the decree of the Surrogate upon the ground that, in its opinion, the verdict was contrary to and against the clear weight of the evidence. The Appellate Division was without power, however, to direct a contrary verdict in view of the fact that the evidence was not wholly insufficient in point of law to sustain the jury's verdict. (See *Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241, 245–246.)

The order of the Appellate Division and the decree of the Surrogate's Court should be reversed and a new trial granted, with costs in this court to abide the event.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Ordered accordingly.