Brewster, J.
(dissenting). I dissent. The power to direct a verdict in a contested probate proceeding is no greater than in a law case. “ The procedure on trial by jury in the Surrogate’s Court has been assimilated to the procedure on jury trials generally.” (Matter of Burnham, 234 N. Y. 475, 477-478; see, also, Hagan v. 8one, 174 N. Y. 317, 323; Matter of Whipple, 294 N. Y. 292.)
To uphold the order and decree appealed from, we must, therefore, hold that the evidence presented by the contestants, (1) , to refute appellant’s proof of testamentary capacity and, (2) , to establish objections based on fraud and undue influence, is such that in no fair view of it is it conceivable that a reasonable mind would accept any of it as true and find it sufficient to support a verdict; that no jury by any rational process could thereon base a finding in contestants’ favor; that contestants’ proof as to testamentary incapacity is incredible as a matter of law in that no reasonable mind would accept it as supporting the conclusion of fact at which it is aimed, and, as to the evidence to show fraud and undue influence, that the inferences therefrom designed as proof of the fact, were impossible to any reasonable mind. A case Avas made for a jury’s decision on the facts if the evidence Avas such that the logical deductions did not all point in one direction. If the conflicting eAÚdence Avas such that one reasonable mind might differ from another in draAAÚng inferences therefrom and basing conclusions thereon, a jury must first make the decision. (Fealey v. Bull, 163 N. Y. 397; McDonald v. Metropolitan St. Ry. Co., 167 N. Y. 66; Matter of Case, 214 N. Y. 199; Getty v. Williams Silver Co., 221 N. Y. 34; Matter of Delmar, 243 N. Y. 7; Blum v. Fresh Grown Preserve Corp., 292 N. Y. 241.)
Instances Avhere some evidence may be said in law to be no evidence were given by Judge Cullen in Fealey v. Bull (163 *652 N. Y. 397, 402-403, supra). It is there said that in most cases this develops where the proof designed was a matter of impossible inference, and that in the rarer cases of direct evidence, it is where such amounts to naught because of its incredibility as a matter of law. When we examine contestants’ evidence to determine whether it was insufficient and that therefore the Surrogate’s direction of a verdict contrary thereto was authorized, we do not have a question of comparative weight of that evidence, but only as to its legal .nonexistence because it is mere form devoid of substance. When we apply the foregoing tests to the uncontradicted testimony and expert opinion evidence of the testator’s personal physician, duly qualified and unimpeached, and the support thereof given by the testimony of other disinterested witnesses, and furnished by proof of the testator’s age and physical and mental condition which was such as to cause him to die only a few days after he signed the propounded will; and likewise, when we apply these tests to contestants’ evidence which was offered to show that the alleged testator had Ms affections alienated from his nearest of kin by alleged interloping profit-seekers, who came intimately into his life the fall before his death, I cannot objectively view these rejected proofs as wholly unpersuasive to a reasonable mind.
The order and decree appealed from should be reversed and a new trial' ordered.
Hill, P. J., IIeffernan and Bussell, JJ., concur with Foster, J., Brewster, J., dissents in an opinion.
Besettled order and decree appealed from affirmed, with separate bills of costs to proponents and residuary legatees payable out of the estate.