Per Curiam.

Even if we accept all of the testimony in the case (including that which it is urged should have been rejected under section 347 of the Civil Practice Act) the evidence is legally insufficient to support an implied promise by the decedent to pay the plaintiff the reasonable value of services she rendered to him for seven years prior to his death, as housekeeper, practical nurse, secretary and companion. Indeed, it appears affirmatively in the plaintiff’s own case that she acted as one of the family and that the deceased brought her to his home “to take care of her, because he was her godfather and he didn’t want to see her, you know, traveling around, half sick, and he had taken her in his home to care for her.” (Cf. Matter of Hughes, 229 App. Div. 614.) The evidence being legally insufficient to sustain an implied promise, the case should not have been submitted to the jury and the defendant’s motion for a directed verdict should have been granted. (Boyd v. Boyd, 252 N. Y. 422, 429; Bank of United States v. Manheim, 264 N. Y. 45, 51; Blum v. Fresh Grown Preserve Corp., 292 N. Y. 241, 245; Ruthizer v. Bass Dress Corp., 264 App. Div. 372; Matter of Whipple, 294 N. Y. 292, 294.)
The judgment should be reversed and the complaint dismissed on the merits, without costs.
Peck, P. J., Glennon, Cohn, Van Voorhis and Shientag, JJ., concur.
Judgment unanimously reversed and the complaint dismissed upon the merits, without costs.