Nicholas M. Pette, J.
This is an action pursuant to the provisions of article 10 of the Debtor and Creditor Law to set aside a conveyance to defraud creditors.
On July 20, 1954 Irving S. Docktor executed and delivered to the plaintiff a promissory note, and on August 25, 1954 he executed and delivered to the plaintiff a second promissory note, both payable in monthly installments, and both for a valuable consideration. On January 20, 1956, Irving S. Docktor and Mildred Docktor conveyed to Bertha Order the premises in question, which Irving and Mildred Docktor had owned as tenants by the entirety, since 1948. It is significant to note that Irving and Mildred Docktor continued to reside in the premises, after the aforesaid conveyance, and still resided there, at the time of the trial of this action. It is also significant that Bertha Order is a sister-in-law of Mildred Docktor.
In March, 1956 both promissory notes went into arrears and no further payments were made on either one of them. On August 20, 1956, the plaintiff commenced legal action against Irving S. Docktor to recover the balance due on the aforesaid two promissory notes. After plaintiff’s motion for summary judgment, judgment was entered against Irving S. Docktor, on September 8, 1956, in the sum of $2,304.90. A transcript of the said judgment was filed in the Queens County Clerk’s office, and an execution against the property of Irving S. Docktor was issued to the Sheriff of Queens County. That execution has been returned wholly unsatisfied, and the judgment remains wholly unpaid.
All of the defendants herein were personally served with the summons and complaint in this action, and appeared and answered by attorney. The defendant, Bertha Order, failed to appear for examination before trial in this action. Her answer was stricken out, by order of Mr. Justice Gteobge P. Stieb, dated March 6, 1957. The said order directed that judgment be entered in favor of the plaintiff and against the defendant Bertha Order, for the relief sought in the complaint, together with the costs and disbursements of this action, and that the plaintiff be permitted to take an inquest as against the *783 defendant, Bertha Order, when this action was reached for trial as against the other defendants herein. She did not appear at the trial of this action, and as to her the plaintiff’s proof was offered by way of inquest.
After a careful consideration of the pertinent evidence and law, the court finds that the plaintiff was a creditor of Irving S. Docktor at the time of the aforesaid conveyance; that Irving S. Docktor was insolvent at the time of the conveyance, and that the conveyance was made with actual intent to hinder, delay or defraud creditors (Debtor and Creditor Law, § 276).
The aforesaid chronological sequence of events, the testimony of the defendants, Irving S. Docktor and Mildred Docktor, at their examinations before trial, and at the trial itself, and the documentary evidence introduced by the plaintiff, established fraudulent intent, both on the part of the grantors and of the grantee. The uncontradicted evidence showed that Irving S. Docktor had informed Bertha Order, prior to the conveyance, that he was heavily indebted and in financial straits. The court places no credence on the testimony of defendants concerning an alleged consideration for the conveyance.
As was stated by the late Mr. Justice (then Chief Judge) Cardozo, in the case of Brody v. Pecoraro (250 N. Y. 56, 61-62): “ Traditional badges of fraud are spread over the transaction in prodigal profusion. * * * Value at any stage will be unavailing in and of itself to keep an enterprise afloat if it is weighted down at the beginning by a concurring purpose to defraud”. (Emphasis supplied.)
In the case of Takacs v. Kapela (264 App. Div. 871, 872 [2d Dept.]) the court pointed out that the grantors of certain real property had remained in possession of the property for three and one-half years after the purported conveyance was made. This, together with other facts, led the court to conclude that the conveyance was made with an actual intent to defraud, on the part of the grantors, with knowledge thereof in the grantees. The court said: “ The evidence adduced by defendants was not sufficient to raise an issue of fact. It is ‘ so highly improbable that it fails to rise to the standard of substantial evidence.’ (Bank of United States v. Manheim, 264 N. Y. 45, 51.) ”
Hickok v. Cowperthwait (134 App. Div. 617, 618-620) is quite pertinent to the facts involved in the action at bar. There the court said: ‘ ‘ While fraud must always be proved and never presumed, it can seldom be proved by direct evidence, but is dependent upon circumstances. Circumstances indicating fraud which, separately considered, might be quite immaterial, when combined may have great probative force. * * * Transfers *784 by one who is insolvent to members of his family are always scrutinised with the utmost care, because fraud is so easily practiced and concealed under cover of such relations. * * * A continued use of property transferred by an insolvent debtor is a badge of fraud. As an honest purchaser buys property because he wants it and the possession of it, the absence of any evidence of transfer of possession or control indicates some purpose different from that of an honest purchaser, and requires proof of good faith and honest intention.” (Emphasis supplied.)
The court finds that the plaintiff has clearly and fully established its cause of action, and is entitled to a judgment setting aside the conveyance. This constitutes the court’s decision, pursuant to section 440 of the Civil Practice Act.
Submit findings and judgment on notice.