Richard W. Wallach, J.
In this action to enforce six promissory notes in the total sum of $37,500 defendant has had a verdict of no cause of action. Having carefully reviewed a complete transcript of the trial, the court concludes that this verdict is untenable as a matter of law. The court therefore grants plaintiff’s motion to vacate and set aside the verdict of the jury, and directs the entry of judgment in favor of plaintiff (GPLR 4404).
Defendant Arne Christians sen, the would-be master builder of a Norwegian importing enterprise, was in late 1969 the holder of a kitchen equipment distributorship agreement from Nordia A. S. in Oslo, granting him exclusive sales rights for a five-year term to the New York metropolitan area. This contract was the only significant asset of Christianssen’s company (Nordia Importers of New York, Inc.) and in casting about for working capital, he was introduced to the officers of plaintiff, Thor Dahl Industries Corp., the investing subsidiary of a substantial Norse shipping company parent.
Beginning on March 27, 1970, with a $15,000 payment, Thor Dahl advanced sums on five successive occasions through July 22 of that year until the total sum of $37,500 had changed hands. At each such transaction Christianssen signed his personal unconditional promissory note bearing 6% interest and payable on demand. Simultaneously with the execution and delivery *685 of these six notes, the parties also signed a memorandum in the form of a letter, which in substance recited that each such advance was 1 ‘ in anticipation ” of 11 the acquisition by Thor Dahl Inc. * * * of a majority (51%) interest in your [defendant’s] business as exclusive distributor in the Greater New York Area of Nordia products.” Each memorandum stated that “It is contemplated that in connection with the transaction (i.e. the acquisition) * * * the promissory note(s) will be permitted to be repaid in stock of Nordia Importers of New York, Inc.” It was further provided that “this letter is not intended to create any legally binding obligations between us ”, a clear indication that if the acquisition were not to proceed (as in fact happened), the promissory notes were to remain in full force and effect in accordance with their tenor.
On the trial of the action defendant’s main line of defense was that plaintiff’s executive vice president, Erwin Jonas, had represented to Christianssen that the notes were merely a form • of security to insure ultimate delivery of the 51% stock interest in Nordia Importers, and that they would not be enforced against defendant unless he refused to deliver the stock. The court excluded this proof as violative of the parol evidence rule (Messina v. Tannenbaum, 37 A D 2d 1041), and ultimately charged the jury that these notes created a binding and enforceable personal obligation of Christianssen to Thor Dahl on demand, and were not subject to simultaneous parol modification in direct contravention of the notes themselves and the accompanying memoranda agreements. No exception was taken by either party to the charge as such.
The vents which transpired between execution and delivery of the last note on July 22, 1970, in exchange of $5,000, and Thor Dahl’s undisputed demand for payment on November 5, 1970, -give rise to the sole issue tendered by the court to the jury: did Thor Dahl waive its rights with respect to the notes?
Understandably enough, in view of defendant’s original but legally inviable position that the notes were at the outset ineffective tokens, the evidence that plaintiff waived supposedly nonexistent rights was meagre. It rested primarily upon the testimony of George Erb, defendant’s accountant, who had set up skeletal balance sheet of defendant’s corporation, and had two meetings i.n August and September, 1970 with defendant’s officers, to discuss Nordia’s financial problems. Neither the changes made by defendant’s treasurer, Salmonsen, in the Nordia Importers’ tentative financial statements, nor any reference by him or Jonas to plaintiff’s “investment” in Nordia, are suf *686 ficient as a matter of law to support a waiver of plaintiff’s rights under the notes — that is “an intentional abandonment or relinquishment of a known right” (Alsens Amer. Portland Cement Works v. Degnon, Contr. Co., 222 N. Y. 34, 37).
The terms of the letter memoranda which accompanied each and every note provide that the parties shall be entirely free to formulate the terms of an acquisition without prejudice to the absolute right of plaintiff to enforce the notes if the acquisition aborts. Plaintiff thus protected itself in freely exploring any acquisition terms without risk of jeopardizing the notes. Only an explicit abandonment of these rights, referable not only to the notes but also to the letter memoranda, would be sufficient to fashion an issue of waiver for consideration by the trier of fact. Defendant’s proof fell far short of this mark, and a directed verdict in favor of plaintiff is therefore warranted (Bank of United States v. Manheim, 264 N. Y. 45).
For the foregoing reasons, thé verdict of the jury in favor of defendant is vacated and set aside, and the court directs judgment in favor of plaintiff and against defendant in the sum of $37,500, with interest at 6% per annum from November 5, 1970.