PLAYTOWN PRODUCTS, INC., Plaintiff, *v.* IDEAL TOY CORPORATION, Defendant.

Supreme Court, Trial Term, New York County, April 18, 1952.

*Samuel Rivelson* for plaintiff.

*David Kugel* for defendant.

STEUER, J.   The decisive issue on this trial was whether plaintiff was hired, pursuant to an oral hiring, to design certain toys for the defendant or whether plaintiff's activities were an effort to sell a line of toys to defendant.   There was sufficient oral testimony of the conversations to support either version, and a finding for either party, on this branch of the testimony, would be unexceptionable.   However, every other factor in the evidence, that is, from the conduct of the persons involved pointed to the version of the transaction related by the defendant and denied that advanced by the plaintiff.

The situation therefore at the close of the testimony was that plaintiff had testified to facts which, if believed, would make out a prima facie case, but the weight of the credible testimony was against it.   Under these circumstances, a motion to

dismiss the complaint was denied and decision on a motion to direct a verdict was reserved. The jury rendered a verdict for the plaintiff. On motion, this verdict was set aside and the motion for direction for defendant granted.

It is now claimed that the motion granted insofar as it directed a verdict for the defendant exceeded the powers of the court. No point is made that this action was erroneous because taken after the jury rendered a verdict. The contention is that in the state of proof a verdict could not be directed at any time.

Directed verdicts are provided for in section 457-a of the Civil Practice Act, the relevant portion of which reads: " 1. The court may direct a verdict when it would be required to set aside a contrary verdict for legal insufficiency of evidence." The question is whether the words " legal insufficiency of evidence " are restricted to a lack of sufficient evidence to establish a prima facie case or would include insufficient evidence to sustain the burden of proof.

Prior to September 1, 1949, the statute did not contain the words " for legal insufficiency of evidence ". Nevertheless, the statute was even then interpreted as if those words were present, it having been determined that any other interpretation would be unconstitutional as denying a jury trial. (*Loewinthan* v. *Le Vine*, 299 N. Y. 372.) It would follow that where the evidence is sufficient to go to the jury, a verdict cannot be directed. It remains to discuss, in the light of the foregoing, what evidence is sufficient. In this connection it appears that we have adopted the English rule enunciated in *Jewell* v. *Parr* (13 C. B. 916): " When we say that there is no evidence to go to a jury, we do not mean that there is literally none, but that there is none that ought reasonably to satisfy a jury that the fact sought to be proved is established." This rule has been approved in connection with our statute controlling directed verdicts. (*Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241.) Under this test the verdict was properly directed.

Plaintiff has pointed out that such a ruling is inconsistent with a denial of a motion to dismiss. Theoretically, it is. However, it is expressly permitted by the statute. (Civ. Prac. Act, § 457-a.) And it can be amply justified in the saving of time and effort for all concerned should an appellate determination on the motion differ with the conclusion reached.

Motion denied.