MARY L. TRAVERSONE, an Infant, by ANGELO TRAVERSONE, Her Guardian ad Litem, et al., Appellants, v. MACFADDEN SCHOOL FOR CHILDREN, Respondent.— In an action to recover damages for personal injuries alleged to have been sustained by the infant plaintiff, and by her father for medical expenses and loss of services, the court directed a verdict in favor of defendant at the end of the entire case. Plaintiffs appeal from the judgment entered thereon and from an order directing a verdict in favor of defendant and an order of the Justice sitting in Trial Term, Part I, assigning the case for trial to the part where it was tried. Judgment reversed on the law and a new trial granted, with costs to appellants

to abide the event. The record presented questions of fact which were dependent upon the credibility to be accorded to the various witnesses, and, consequently, said factual questions should have been submitted to the jury for its determination. Appeals from orders dismissed, without costs. No such orders are printed in the record. Nolan, P. J., MacCrate and Schmidt, JJ., concur; Wenzel and Ughetta, JJ., concur in the dismissal of the appeals from the orders but dissent and vote to affirm the judgment with the following memorandum: The infant plaintiff, eleven years old at the time, was a resident student in defendant's school. She testified that during the night while she was in bed in her room, a room shared by other students, three employees of the defendant entered, dressed her and carried her out of the room; that none of her roommates was disturbed; that while being carried down the stairs she was dropped as a result of which she sustained injuries; that the three employees then picked her up, carried her out of the school and placed her on to the lawn; and that she remained on the lawn for some time, until daylight, when two of the school's employees helped her back into the dormitory. On behalf of defendant, four students of the school, two of whom slept in the same room with the infant plaintiff, three former employees of the school, and a doctor, who was called to the school to examine the infant plaintiff, testified in collective effect that the infant plaintiff was found alone outside the dormitory building and that she stated that she did not like the school, was running away therefrom, and had jumped out of the window. In her testimony at the trial herein, the infant plaintiff admitted that she had made such statements, but testified that she had made them because the doctor had threatened to hit her if she did not make them. In the original and first amended complaints it was alleged that the infant plaintiff dropped out of a window in an endeavor to leave the school premises. This case has been tried twice. At the first trial the plaintiffs had a verdict which was set aside on the ground that it was against the weight of the evidence, the learned Trial Justice being convinced to a moral certainty that the infant plaintiff's testimony was fantastic and perjurious. (*Traversone* v. *MacFadden School for Children*, N. Y. L. J., March 26, 1954, p. 12, col. 6.) No appeal was taken from the order. At the trial with which we are now concerned the learned Trial Justice directed a verdict for defendant at the close of the entire case on the ground, among others, that there was no proof of negligence. We think that the judgment entered on the verdict should be affirmed on the ground that the evidence is legally insufficient to support the allegations of the second amended complaint. It is not necessary to rest such conclusion on a mere resolution of the credibility of the witnesses, even though we are of opinion that the girl's story is inherently incredible; as was held by the learned Justices who presided at both trials. The testimony of the disinterested witnesses, the conduct of the infant plaintiff, and the two prior pleadings demonstrate the palpable falsity of plaintiffs' claim. We think the judgment entered on the directed verdict should be affirmed. (*Gerber* v. *Jarold Shops*, 281 App. Div. 1015; *Playtown Products* v. *Ideal Toy Corp.*, 201 Misc. 911.) It appears to us that no useful purpose would be served by a third trial, and certainly it cannot be said in this case that the interests of justice require one.