ROBERT J. BLUM, as Assignee for the Benefit of Creditors of FREY & HORGAN CORPORATION, Respondent, v. FRESH GROWN PRESERVE CORPORATION, Appellant.

Argued January 6, 1944; decided March 10, 1944.

*Isador Goetz* for appellant. I. That the trial court had the right, in his discretion, to set aside the verdict of the jury and grant a new trial, as against the weight of the evidence, is not now disputed; but for him to determine all questions of fact adversely to the defendant and deprive the defendant of a trial, is contrary to the constitutional provision. It is only where the evidence is insufficient in law, or where it is incredible because opposed to natural laws, that the court may make a decision. (N. Y. Const., art. 1, § 2; *Imbrey* v. *Prudential Insurance Co.*, 286 N. Y. 434; *Caldwell* v. *Nicolson*, 235 N. Y. 209; *Fox* v. *Le Comte*, 2 App. Div. 61, 153 N. Y. 680; *Slomka* v. *Nassau Electric Railroad Co.*, 191 App. Div. 727; *Fealey* v. *Bull*, 163 N. Y. 397; *Galloway* v. *United States*, 63 Sup. Ct. Rep. 1092; *Gunning* v. *Cooley*, 281 U. S. 94; *Tarter* v. *United States*, 17 F. Supp. 691; *Ridgely* v. *Taylor & Co.*, 126 App. Div. 303; *Callanan* v. *Shaw*, 24 Iowa 441; *Getty* v. *Williams Silver Co.*, 221 N. Y. 34; *Hedeman* v. *Fairbanks, Morse & Co.*, 286 N. Y. 240; *McDonald* v. *Metropolitan St. Ry. Co.*, 167 N. Y. 66.) II. The provisions of section 457-a of the Civil Practice Act, as enacted in 1940, did not abrogate the constitutional right to a trial by jury. (*Hedeman* v. *Fairbanks, Morse & Co.*, 286 N. Y. 240; *Imbrey* v. *Prudential Insurance Co.*, 286 N. Y. 434; *Thomas* v. *City of New York*, 285 N. Y. 496.)

*Robert J. Blum* and *Irving I. Brandwein* for respondent. I. Defendant failed to prove the cause of action alleged in its answer and bill of particulars. The testimony of its sole witness is utterly incredible. The trial court properly directed a verdict. (Civ. Prac. Act, § 457-a; *Weigand* v. *United Traction Co.*, 221 N. Y. 39; *Matter of Bennett*, 238 N. Y. 583; *Graley*

v. *American Eagle Fire Ins. Co.*, 235 App. Div. 490; *Linkhauf et al.* v. *Lombard et al.*, 137 N. Y. 417; *Bank of U. S.* v. *Manheim*, 264 N. Y. 45; *State Bank* v. *Siff*, 228 App. Div. 2, 254 N. Y. 627.) II. Section 457-a of the Civil Practice Act is only a codification of previous law. (*Bank of United States* v. *Manheim*, 264 N. Y. 45.) III. Section 457-a of the Civil Practice Act is constitutional. The United States courts, and the courts of certain other states, have upheld the legality of a direction of a verdict by a jury in cases where a contrary verdict would be set aside as against the weight of evidence. (4 Carmody's N. Y. Practice, § 1358; *Small Co.* v. *Lamborn & Co.*, 267 U. S. 248; *Delaware &c. Railroad* v. *Converse*, 139 U. S. 469; *Bowditch* v. *Boston*, 101 U. S. 16; *Pleasants* v. *Fant*, 89 U. S. 116; *Denny* v. *Williams*, 87 Mass. 1; *Davis* v. *Maxwell*, 53 Mass. 286; *Conner* v. *Giles*, 76 Me. 132; *Ketterman* v. *R. R. Co.*, 48 West Va. 606.)

LEHMAN, Ch. J. The defendant, it is conceded, was indebted to plaintiff's assignor in the sum of $22,047.12 upon the causes of action pleaded in the complaint, but the defendant has pleaded as set-offs several alleged causes of action against the plaintiff's assignor arising before the assignment. At the close of the trial the plaintiff moved for a directed verdict in the sum of $22,047.12. The motion was denied and the Trial Judge submitted to the jury the question whether the defendant was entitled to recover upon its fourth and fifth counterclaims. He charged the jury in effect that it must weigh the evidence produced by the defendant and that if it believed the testimony of the defendant's witnesses it must find in favor of the defendant. The jury brought in a verdict in favor of the defendant.

The plaintiff moved to set aside the verdict and for the direction of a verdict in his favor in the sum of $14,502.72, conceding for that purpose that the defendant had established its fourth counterclaim and is entitled to set off the sum of $7,544.40 against the indebtedness due to the plaintiff. The motion was granted on the ground that the testimony of the defendant's witnesses intended to establish the fifth counterclaim is incredible as matter of law. The Appellate Division affirmed the judgment in favor of the plaintiff entered upon the directed verdict, one justice dissenting and voting for a new trial.

" Trial by jury in all cases in which it has been heretofore used " was declared " inviolate " by the Constitution of 1846. The source of the constitutional right to a trial by jury in appropriate cases may be traced to earlier Constitutions. The guarantee of that right has been renewed in each Constitution thereafter adopted. The defendant challenges the right of the trial court to direct a verdict in this case, claiming that only the jury may decide whether the testimony of the defendant's witnesses is credible and that its rejection as " incredible " by the court is an invasion of the defendant's right to a trial by jury.

" The measure of the right of trial by jury preserved by the State Constitution (Art. 1, section 2) * * * is the right to a jury trial in such cases as it existed at the time of the adoption of the Constitution of 1846." (*Moot* v. *Moot,* 214 N. Y. 204, 207.) The right of the defendant to a trial by jury of any question of fact *presented by the evidence* in this case cannot be successfully challenged. We must determine whether measured by the rules of law applied in 1846 the evidence produced by the defendant was sufficient to raise such a question.

In 1842 the Court of Errors, then the court of final appeal in this State, formulated, in an opinion by the Chancellor, the rule then applied: " Although the jury is the constitutional tribunal to decide disputed facts, it does not follow that the court must submit every question of fact to their decision as a matter of course, although the party holding the affirmative has failed to introduce sufficient evidence in point of law to authorize the jury to give a verdict in his favor. Hence it is the duty of the court, if requested by the defendant to do so, to non suit the plaintiff, where the testimony is all on his side, and where it is wholly insufficient to sustain the suit. *And it is insufficient in point of law to sustain the suit where it would be the duty of the court to set aside the verdict and grant a new trial, if the jury find a verdict in favor of the complainant.* But where the testimony is sufficient to sustain a verdict in favor of the plaintiff, if the jury should find one in his favor, the questions of fact should be submitted to their decision; although the judge who tries the cause may think the evidence leaves the case in so much doubt that the jury would be fully justified in finding a verdict for the defendant." (Italics are

ours.)  (*Brown* v. *The Mohawk and Hudson Rail Road Company*, 1 How Cas. 52 at p. 66.)  We have said that section 457-a of the Civil Practice Act, is "merely declaratory of the existing law." (*Bank of United States* v. *Manheim*, 264 N. Y. 45, 51.)  The Legislature could not have changed the rule even if it had wished to do so, without violating the right to a trial by jury which must remain "inviolate forever."

Under the rule of law as formulated in the cited case and as applied in 1846 and still applied in 1921 when section 457-a, of the Civil Practice Act was adopted, the plaintiff was entitled to the direction of a verdict if the evidence was "wholly insufficient in point of law to sustain" the counterclaim of the defendant and the evidence in this case is insufficient if in truth it is incredible as matter of law.  Where the court, in the *exercise of its discretion*, sets aside a verdict of the jury because the court is of the opinion that in weighing the evidence the jury has not appraised correctly its relative persuasiveness and probative force, a new trial must follow. (*Imbrey* v. *Prudential Insurance Co.*, 286 N. Y. 434.)  "Where conflicting inferences may not unreasonably be drawn" it cannot be said that solely a question of law is presented for decision by the court (*Matter of Case*, 214 N. Y. 199, 203); but an inference is "unreasonably drawn" unless supported by sufficient evidence.  Thus, the question whether a verdict of a jury is "unsupported by sufficient evidence" is always one of law for the Trial Judge.  He *must* set aside such a verdict and in appropriate case he may then direct a contrary verdict. (*Getty* v. *Williams Silver Co.*, 221 N. Y. 34.)  The court is justified in directing a verdict in such case "not because it would have authority to set aside an opposite one, but because there was an actual defect of proof, and, hence, as a matter of law, the party was not entitled to recover." (*McDonald* v. *Metropolitan St. Ry. Co.*, 167 N. Y. 66, 70.)

The courts below have not mistaken their power.  They have found that by no rational process could the trier of the facts base a finding in favor of the defendant upon the evidence here presented.  This court has frequently pointed out that "insufficient evidence is, in the eye of the law, no evidence."  In *Matter of Case* (*supra*, p. 204), opinion by CARDOZO, J., it reiterated that rule and added: "In the words of MAULE, J., in

*Jewell* v. *Parr* (13 C. B. 916), ' When we say that there is no evidence to go to a jury, we do not mean that there is literally none, but that there is none that ought reasonably to satisfy a jury that the fact sought to be proved is established.' "

The sufficiency of evidence " reasonably to satisfy a jury " cannot be mechanically measured. It is " incredible as matter of law " only where no reasonable man could accept it and base an inference upon it. That depends upon considerations which vary in accordance with the circumstances of the particular case. It would serve no purpose here to analyze the evidence produced by the defendant. When considered in its setting of facts which are undisputed it lacks, we conclude, the substance which is required reasonably to support the finding of the jury.

The judgment should be affirmed, with costs.

RIPPEY, LEWIS, CONWAY and THACHER, JJ., concur; LOUGHRAN and DESMOND, JJ., dissent on the ground that the evidence presented an actual issue of fact.

Judgment affirmed.