In the Matter of the Claim of ALMA AKESON, Respondent, against SALVAGE PROCESS CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Argued April 20, 1953; decided June 5, 1953.

*Ralph S. Stowell* and *Joseph D. Edwards* for appellants. The finding that claimant was the common-law widow of decedent was error as matter of law. (*Gall* v. *Gall*, 114 N. Y. 109; *Matter of Haffner*, 254 N. Y. 238; *Matter of Dondero* v. *Queens-*

*boro News Agency,* 296 N. Y. 847; *Matter of Hill* v. *Vrooman,* 242 N. Y. 549; *Karameros* v. *Luther,* 166 Misc. 376, 254 App. Div. 845; *Taylor* v. *Taylor,* 164 Misc. 401; *Matter of Crandall,* 214 App. Div. 363.)

*Nathaniel L. Goldstein, Attorney-General (Gilbert M. Landy, Wendell P. Brown* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent. Ample evidence supported the finding of fact made by the Workmen's Compensation Board that claimant was the common-law wife of decedent. (*Matter of Dondero* v. *Queensboro News Agency,* 296 N. Y. 847; *Gall* v. *Gall,* 114 N. Y. 109; *Matter of Lewis* v. *Noyes Co.,* 278 App. Div. 222; *Matter of Dugro,* 261 App. Div. 236, 287 N. Y. 595; *Matter of Konieczny* v. *Kresse Co.,* 234 App. Div. 517; *Matter of Haffner,* 254 N. Y. 238; *Dodge* v. *Campbell,* 229 App. Div. 534, 255 N. Y. 622; *Matter of Wells,* 123 App. Div. 79, 194 N. Y. 548; *Matter of Frost,* 265 App. Div. 64, 1028.)

FROESSEL, J. The only question presented by this appeal is whether or not there is evidence to sustain the finding of the Workmen's Compensation Board that claimant is the widow of the employee, and thus entitled to the award herein. The board based its finding upon its conclusion that claimant had contracted a common-law marriage with said employee. For the reasons hereinafter stated, we think such finding cannot stand.

Claimant stated she was married to one Carl Akeson in Sweden in " 1890, I guess." In 1905 they came to the United States, living in various places in Brooklyn and on boats, as Akeson was a barge captain. They had two children. About the year 1918 they came to know Albert Granat, the deceased employee. At that time Akeson apparently wearied of his obligations toward claimant and ceased to provide her with adequate support. In this situation it developed that Akeson said to Granat: " You can take her if you want her." Claimant then went to live and cohabit with Granat, continuing to do so until shortly before his death in 1944. From time to time Akeson lived with them.

Akeson died on April 17, 1933, still legally married to claimant. On and after April 29, 1933, it became legally impossible to contract a common-law marriage in this State (L. 1933, ch. 606, now

Domestic Relations Law, § 11). Since claimant and Granat remained in New York State, it follows that no common-law marriage was possible except it be shown to have been entered into during that twelve-day period from April 17 to 29, 1933. This was the precise issue presented to the board.

The positive evidence opposed to the existence of any such relationship is simply overwhelming. In the first place, the connection between claimant and Granat was meretricious in its inception and necessarily remained so for the fifteen years prior to April 17, 1933, thus raising a presumption that it continued as such after that date. During all of the years claimant lived with Granat she did not abandon her marriage name. Not only did she use it throughout all those years, but she even used it in connection with this very claim for compensation benefits, as well as in a prior claim for death benefits. Moreover, she applied for home relief and took out an insurance policy under that name. When asked under what name she was admitted to the hospital, she replied: '' Akeson. All the time my name was Akeson.'' When Granat filed the original claim for compensation, he stated that he was single and he made the same statement to the physician. These declarations were made under circumstances in which there was no apparent motive for concealment or falsehood. Likewise, the employer's first report of injury stated that he was unmarried.

The most convincing proof of the true status of the parties, however, came from claimant herself. Though she was ill at the time of her examination and her mind was not perfectly clear, she was nevertheless able to say of her relationship with Granat: '' He was just like a husband. * * * Yes, we was not married, you know. We were living together.'' And of her husband, Akeson, she said: '' We were not living together. We were married.'' That testimony, from claimant herself, may well be considered conclusive.

In any event, as opposed to the foregoing evidence, there was only the testimony of two witnesses, one of whom, Munsen, testified that he had known Granat since 1922 and claimant since 1923. Granat had introduced claimant as his wife to this witness, but the witness did not know whether or not they were married, and did not know their reputation in the neighborhood.

The other witness, Danielson, had known Granat since 1937 and claimant had also been introduced to him as Granat's wife. He lived in the same house for a time and knew that they lived together, but did not know whether or not they were married. It is plain that such testimony is entirely insufficient to establish anything except that Granat introduced claimant as his wife, a circumstance which proves nothing more than that he wished either to spare her feelings or to maintain a semblance of propriety. Even with her occasional use of Granat's name, it was obviously insufficient to lead even the witnesses to believe that claimant was married to Granat.

Upon such a record it cannot be said that there is any substantial evidence upon which the vital social relationship of marriage can be predicated. All of the probative evidence points to an absence of any marital relationship, and indeed fails to disclose any intention of the parties to enter into such a relationship at any time, much less during the permissible twelve-day period in 1933. The testimony of Munsen and Danielson is utterly inconclusive, and is in nowise inconsistent with the other evidence in the case, all to the effect that claimant was never the wife of Granat. It cannot be regarded as sufficient in law to raise an issue of fact (*Matter of Case*, 214 N. Y. 199; *Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241).

Without discussing the cases relied upon below, it is enough to note that in every such case there was some affirmative and unequivocal act of the parties showing either an intent to enter into a marriage or an acknowledgment of an existing marriage. As has already been noted, in the case at bar there was no such act during all of the twenty-six years the parties remained together and particularly during the decisive twelve-day period.

The order of the Appellate Division should be reversed, the award of the Workmen's Compensation Board annulled and the claim dismissed, with costs in this court and in the Appellate Division against the Workmen's Compensation Board.

Lewis, Ch. J., Conway, Desmond, Dye and Fuld, JJ., concur.

Order reversed, etc.