# FIRST DEPARTMENT, NOVEMBER, 1958.

## (November 5, 1958)

■ FRANCES DUTCH et al., Respondents, v. MURRAY SCUDATO, Appellant, and CITY OF NEW YORK, Appellant-Respondent.

MEMORANDUM BY THE COURT. According to the testimony of the plaintiff, her foot caught in a depression underneath the coal hole cover of such nature and dimensions that it could constitute a trap. The photographs which she introduced into evidence are poor representations of the scene of the accident, and do not conclusively establish or rule out such a depression. In any event, the jury saw and decided the probative value of the photographs. This, together with the credibility of the husband's testimony as to notice, improbable as it seems, were matters solely within the province of the jury, and its verdict should not be disturbed.

RABIN, J. (dissenting). In this case a jury returned a verdict in favor of the plaintiff Frances Dutch for injuries which she sustained as a result of a fall on a sidewalk. She claimed that she fell as the result of her foot being caught in between the rim of a coal hole cover and the sidewalk itself. It is conceded that the rim was not flush with the sidewalk but was about $\frac{3}{8}$ inches above the sidewalk level. However, plaintiff does not base her claim on the existence of this slight elevation but definitely rests on the contention that there was a space between the rim of the coal hole cover and the sidewalk and that this space constituted a trap.

Ordinarily, the issue as to whether there was a trap would be a question of fact for the jury as would also be the credibility of witnesses. However, plaintiff introduced photographs in evidence to support her claim and it is clear from these photographs that there was no such space between the sidewalk and the coal hole cover. The photographs themselves speak louder than the mere assertions of the witnesses. These photographs, upon which plaintiff

relies, prove conclusively that her testimony is incredible. Therefore the verdict in her favor should not stand (*Blum* v. *Fresh Grown Preserve Co.*, 292 N. Y. 241, 246). It is our view that on plaintiff's own evidence she has failed to make out a case.

In passing, some comment should be made on the testimony of the husband with respect to notice. Plaintiff and her husband reside on 77th Street. This accident occurred on 19th Street. Plaintiff states that the accident occurred while on her way to a laboratory on 19th Street. In order to establish notice the husband testified that he too, some six weeks prior to the accident had occasion to go to the same laboratory on a business matter. He says his attention was attracted to this particular coal hole cover because of its unusual type. The photographs indicate that there was nothing so unusual about this cover that would attract a passerby's attention. It seems an extraordinary coincidence that plaintiff's husband happened to be in this same vicinity six weeks earlier and saw this particular coal hole cover, thus enabling him to supply the essential proof of notice. Particularly is this testimony remarkable when we consider the number of coal hole covers there are in this city, and even in this particular vicinity. We consider this testimony incredible. However, we do not base our dissent on failure to prove notice but rather on the ground that plaintiff's own evidence negatives the existence of the condition on which the plaintiff based her complaint.

We believe the judgment in favor of plaintiffs should be reversed on the law and the complaint dismissed.

Botein, P. J., Breitel and Stevens, JJ., concur in Memorandum by the court; Rabin, J., dissents and votes to reverse and dismiss the complaint in opinion in which Valente, J. concurs.

Judgment affirmed, with costs to the respondents.