■ COASTAL COMMERCIAL CORPORATION, Respondent, v. SAMUEL KOSOFF & SONS, INC., Defendant-Appellant and Third-Party Plaintiff. LINCOLN NATIONAL BANK & TRUST CO. et al., Third-Party Defendants-Appellants, et al., Third-Party Defendant.—■

Memorandum: The trial court properly directed a verdict in favor of plaintiff at the close of the evidence. There was overwhelming proof that Ammerman was authorized to act for the alleged assignor, Industrial Air Conditioning Corporation (hereinafter "Industrial"). If doubt remained it was dissolved by the proof offered

by the appellants. In an attempt to prove one of the affirmative defenses of the defendant, Kosoff, the witness, Cashier, testified that he met with Ammerman, who was representing Industrial, and had conversations with him. If this issue had been submitted to the jury it could not have found by any rational process that Ammerman was not authorized to act for Industrial. Therefore, the direction of a verdict was proper. (Cf. *Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241, 245.) Similarly, there is no merit to the second contention of defendant that the assignment of the account by Industrial to plaintiff was void under the provisions of the Lien Law. These defenses were not presented in the answer or upon the trial, but were raised for the first time on appeal. "A defense which was not pleaded or urged on the trial, and which the plaintiff might have been able to overcome if it had been raised there, is not available for the first time on appeal, either to sustain a judgment for the defendant or to reverse a judgment in favor of the plaintiff." (9 Carmody-Wait, New York Practice, § 328, p. 20 and cases therein cited.) (Appeals from judgment of Onondaga Trial Term in favor of plaintiff against defendant Kosoff & Sons; in favor of Kosoff & Sons and against the third-party defendant Lincoln Bank & Trust Co.; and in favor of said Lincoln Trust Co. and against the third-party defendants Cashier & Co. and Foley, in an action by assignee to recover for work, labor and materials furnished to defendant.) Present — Bastow, J. P., Goldman, Halpern and Henry, JJ.