## (May 14, 1963)

■ MARGARET DAVIS, as Administratrix of the Estate of THOMAS DAVIS, Deceased, Appellant, v. CARISTO CONSTRUCTION CORP., Respondent, et al., Defendants. CARISTO CONSTRUCTION CORP., Third-Party Plaintiff-Appellant, v. ARTISTIC BRONZE TABLET Co., INC., Third-Party Defendant-Respondent. (Action No. 1.) KENNETH TORMEY et al., Appellants, v. JOHN GREENE, Defendant, and CARISTO CONSTRUCTION CORP., Respondent. JOHN GREENE, Third-Party Plaintiff, and CARISTO CONSTRUCTION CORP., Third-Party Plaintiff-Appellant, v. ARTISTIC BRONZE TABLET Co., INC., Third-Party Defendant-Respondent, and JOHN GREENE, Third-Party Defendant. (Action No. 2.)

APPEAL from a judgment of the Supreme Court in favor of defendant Caristo Construction Corp., entered April 6, 1962, in New York County, dismissing the complaint in Action No. 1 and Action No. 2, upon a verdict directed by the court at a Trial Term. Defendant Caristo appeals from the judgment insofar as it dismisses its third-party complaint in each action.

MEMORANDUM BY THE COURT. On the prior appeal in this case (13 A D 2d 382) a divided court reversed a verdict in favor of the plaintiffs and ordered a new trial. Although motions had been made on the former trial to dismiss the complaint for insufficiency of proof and for a directed verdict for defendant, this court on appeal did not dismiss the complaint and did not grant an order directing such a verdict. It ordered a new trial on the sole ground that the verdict for the plaintiffs was against the weight of the evidence. It thus has become the law of this case that upon a record substantially similar to the record at the first trial a cause of action has been made out as a matter of law and that a verdict for the defendant will not be directed on such a record. (*Politi* v. *Irvmar Realty Corp.*, 13 A D 2d 469; *Flores* v. *Bliss Co.*, 18 A D 2d 1058.) The record on the trial which leads to the present appeal is at least as strong for plaintiffs as that on the former trial and there was some additional proof offered by plaintiff. This additional proof was regarded by the Trial Judge as incredible; and apparently believing that the reversal of the plaintiffs' judgment on the prior appeal and the adverse comment by this court on the credibility of one of plaintiffs' witnesses authorized a direction of a verdict for defendant, the court made such a direction. But there is an effective distinction in the practice as it has long developed between a direction of a verdict and an order setting aside a contrary verdict. A verdict may

be set aside which in the sound judgment of the court is against the weight of evidence and this, of course, results in a new trial. ' But a final determination on the facts by a direction of verdict must rest on broader ground than weight of evidence alone. A direction may be made only when a contrary verdict would be set aside for legal insufficiency (*Loewinthan* v. *Le Vine*, 299 N. Y. 372). Since this court refused to dismiss the action on the prior appeal and refused to direct a verdict, we deem ourselves required to hold consistently on this appeal that the case should have gone to the jury. Judgment in favor of defendant Caristo Construction Corp. against plaintiffs and in favor of third-party defendant Artistic Bronze Tablet Co., Inc., in favor of Caristo Construction Corp., as third-party plaintiff, reversed on the law and a new trial ordered, with costs to abide the event.

STEUER, J. (dissenting). Defendant was the general contractor for a school being built by the Board of Education. Plaintiffs in one of these two actions, tried together, were employees of a subcontractor, and plaintiff in the other action is the administratrix of a deceased employee of the same subcontractor. The accident resulted from the fall of a scaffold. The scaffold was brought on the job and used by the subcontractor. It is plaintiffs' claim that defendant's superintendent saw the scaffold before it was put in use, recognized that it was insufficient for the purpose, but, nevertheless, directed plaintiffs to use it. Upon a prior appeal, this court found that the weight of the evidence preponderated against the fact that the superintendent made the statements attributed to him, and that even if he did the statements did not amount to a direction to plaintiffs which the latter understood they had to follow (13 A D 2d 382, 386). Upon this trial, plaintiffs' evidence was not materially different, though an additional witness was brought in which testimony failed to add any substance to plaintiffs' claim.

Analyzing the determination of this court upon the prior appeal, it is that plaintiffs failed to establish their claim by credible testimony. Taking the testimony of plaintiffs' witnesses alone, no case was established by testimony that was worthy to be believed. This is not a case where the jury failed to reach a proper conclusion on the relative persuasiveness of the testimony of conflicting witnesses, but rather one where considering plaintiffs' witnesses alone the record is barren of credible testimony. That is not to say that literally there was no testimony, but only that there was none that ought to persuade a jury. In such a case, dismissal is warranted (*Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241, 245), and the court might have dismissed the complaint on that ground had it so elected. Instead, in the exercise of discretion, it allowed plaintiffs to try the issues again and in the retrial to produce, if they could, competent, credible evidence to support their claim. It is true that such a disposition is usually indicated by explicit language (*Flores* v. *Bliss Co.*, 18 A D 2d 1058), but the absence of the exact words is not determinative, especially where, as here, this is the interpretation that the decision requires. No court intends that the same issues should be endlessly submitted to juries on testimony that has been ruled to lack the necessary probative quality to sustain a verdict. Iteration of the same testimony does not make what was insufficient sufficient. Nor should the third or fourth repetition have that effect.

The trial court correctly interpreted the prior reversal as a holding that the evidence on the first trial did not warrant a verdict. Is he not to conclude that the same evidence given before him was likewise insufficient? Had he submitted the case to the jury, and had the latter again found for the plaintiffs, apparently this court would have sustained the action. This would mean that there is some merit in the perfunctory performance of a useless procedure. Instead,

the Trial Judge, in directing a verdict, adopted the course that would result in the only conclusion permissible. It is difficult to see how this could be erroneous.

The judgment should be affirmed.

McNally, J. P., Eager and Bergan, JJ., concur with Memorandum by the Court; Steuer, J., dissents in opinion in which Stevens, J., concurs.

Judgment reversed, etc. Settle order on notice.