(March 12, 1964)

■ HUIE MALONE, Respondent, v. NEW YORK CITY TRANSIT AUTHORITY, Appellant.— Judgment for plaintiff-respondent, entered January 29, 1963, after jury verdict for plaintiff in the amount of $125,000, in action to recover for personal injuries based on negligence, unanimously reversed on the law and on the facts, with costs to defendant-appellant, the jury verdict vacated, and judgment directed for defendant-appellant. If plaintiff was in the tunnel, it was not necessary for the train to have headlights to detect him, anymore than if he were owed the minimal duty owed to any other trespasser. Thus, the Transit Authority would not be liable unless the motorman knew or had reason to apprehend plaintiff's presence and that he then willfully and wantonly or with gross recklessness inflicted injury on plaintiff (see *Kumkumian* v. *City of New York*, 305 N. Y. 167, 173; *McGoey* v. *City of New York*, 304 N. Y. 584; *Chernezsky* v. *City of New York*, 86 N. Y. S. 2d 185, affd. 276 App. Div. 995). There was evidence from the motorman and policemen, never directly controverted, that the train stopped about 25 feet before the entrance to the station and that plaintiff was found in the darkness of the tunnel midway under the first car. If plaintiff was in the tunnel, there is nothing in the record to support even ordinary negligence of the motorman. He testified he first saw plaintiff crouching in the darkness about 20 feet in front of the train, and that he stopped the train going 20 miles per hour in 45 feet. In contrast, plaintiff's testimony was too incomplete, vague, and conflicting to serve as a basis for a jury verdict. He testified that he was dizzy and ill and therefore fell off the platform about 15 feet from the beginning of the tunnel. After he fell he unsuccessfully tried to stand up and get back on the platform. He moved around in the roadbed unable to see much because of glaucoma. He testified that after he felt the trembling caused by the approaching train, he heard "like a whistle" and "it seem like I see some little lights", "I heard something like brakes squealing", and then he was hit. Both parties assert there were no headlights on the train. Although he testified he moved or crawled around "right near" where he fell off the platform, after receiving an explanation on cross-examination of the difference between the station and the tunnel, he answered "Yes, sir" when asked if he was inside the tunnel when he saw the "little lights". On redirect examination his own counsel attempted twice to nullify the answer by asking whether plaintiff was ever in the tunnel only to get the response "I don't recall; I don't remember." The normal inference from plaintiff's testimony is that plaintiff, dizzy, sick, and practically sightless, wandered into the tunnel. Viewed completely in favor of plaintiff, the testimony is at most inconclusive as to whether plaintiff went into the tunnel. Certainly one could not conclude from it that he was hit in the station. Since plaintiff's evidence, considered by itself

along with any reasonable inferences to be drawn therefrom, is insufficient to support a verdict, the complaint must be dismissed and judgment directed for defendant (CPLR 5522; *Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 4401.14, 4401.15, 4404.06). Since the court did not properly charge the jury with respect to the duty owed one such as plaintiff if he were in the tunnel, this may explain the jury's verdict. On any view, on this ground, and because the verdict would have been against the weight of the credible evidence a new trial would be required if the complaint were not dismissed. Concur — Breitel, J. P., Rabin, Stevens, Eager and Steuer, JJ.