AMY L. DOWELL, an Infant, by ROBERT V. DOWELL, Her Guardian ad Litem, et al., Appellants, v. HARRY T. REMMER, JR., et al., Respondents.

Fourth Department, December 10, 1964.

*Shaw J. Dallal* and *Salvador J. Capecelatro, Sr.*, for appellants.

*Martin, Clearwater & Bell* (*Robert J. Bell* of counsel), for H. T. Remmer and another, respondents.

*Kernan & Kernan* (*James S. Kernan, Jr.*, of counsel), for the Faxton Hospital, respondent.

*Per Curiam.* This is an appeal by the plaintiffs from unfavorable determinations with respect to five causes of action alleged in one complaint. The causes of action are as follows: (1) by the infant plaintiff against all of the defendants, seeking damages for personal injuries; (2) by the father of the infant for his derivative claim against all of the defendants; (3) by Maralynn A. Dowell, mother of the infant, seeking damages for mental anguish against all of the defendants; (4) by Robert V. Dowell and Maralynn A. Dowell, the parents of the infant, for damages for breach of contract against the defendants Remmer and the hospital; (5) by these same plaintiffs seeking damages for fraud against the defendant Remmer.

At the close of all the proof, actions 1 and 2 were dismissed as to the hospital. At the close of all the proof, action 3 was dismissed as to all defendants. At the close of the plaintiffs' proof, action 4 was dismissed as to the hospital, and at the close of all the proof, was dismissed as to the defendant Remmer. Action 5 was dismissed at the close of the plaintiffs' proof. The surviving issues of malpractice in actions 1 and 2 were submitted to the jury against the defendants Remmer and Manogue and resulted in verdicts of no cause of action in their favor. The appeal is, therefore, from this adverse jury verdict

and also from the various motions granted in favor of the defendants during the course of the trial.

We find no error with respect to the court's disposition of causes of action 3, 4, and 5, and affirm that portion of the judgment with respect to the dismissal of these causes of action.

It was error, however, to dismiss causes of action 1 and 2 against the hospital at the close of all the proof pursuant to CPLR 4401 since questions of fact were presented which required the determination of the jury. It cannot be said in this case that by no rational process could a jury base a finding in favor of the plaintiffs upon the evidence presented. (*Blum v. Fresh Grown Preserve Corp.*, 292 N. Y. 241.)

We have no difficulty in finding that the verdict, in favor of the defendant doctors, was amply supported by the evidence and were it not for errors in the submission of these causes to the jury, we would affirm this portion of the judgment. The court in its main charge dealt with malpractice in a broad and generalized fashion. The nurses, employees of the hospital, played leading roles in performing professional and ministerial acts of which the plaintiffs complain. At no place in the court's main charge is any reference made to the effect of those acts as bearing upon the doctors' responsibility.

Following the main charge, the attorney for the plaintiffs made the following request: " In connection with the decision on your part with relation to the hospital, I respectfully request Your Honor to charge that the Jury be instructed it was the attending physician's responsibility and duty to supervise the administration by the hospital nurses of the narcotics which he verbally ordered to be given to Mrs. Dowell, whatever the amount was." In response to this request, the court then instructed the jury as follows: " I presume that is so. The doctor has charge of the delivery, he gives the orders. I would say so." " As I say, we thrashed that quite a bit in these recesses that we had. You see, the nurses are the employees of the hospital, there is no question about that, the hospital is responsible for their acts. When you come to the time of the doctor coming in, the physician or the obstetrician to take over, then he is the one who gives the orders, and that is the only way I can charge. I tried to avoid it because I thought you Lady and Gentlemen would sense that, and I would not have to get entangled in that question on it."

We do not say this would be error standing alone, but it must be considered in the light of a request by the defendants' attorney and the instruction of the court given the jury immediately before. " MR. BELL: I think Your Honor probably covered it

this morning too, but I respectfully request Your Honor to charge the Jury the mere fact that Your Honor decided on the law that the hospital's case would not be submitted to the Jury, that the jury is not to infer that Your Honor has any opinion with regards to the liability or non-liability of the defendant doctors. THE COURT: Yes. There isn't any mystery about my decision with respect to the hospital. *I just concluded as a matter of law that whether or not the nurses had done something that was right or wrong, negligent or not negligent, it didn't contribute to this condition.* That's all I held. So that is no concern to you, as I said this morning, and the fact that Mrs. Dowell's action has been dismissed by me has nothing to do with the merits of the case, either''. (Emphasis supplied.)

The jurors began deliberation with the very last instructions given them being that the doctor was in charge and giving the orders to the nurses. The obvious impression was that the doctors could be held responsible for the acts of the nurses. The court, however, had already advised the jury that whatever the nurses had done did not, as a matter of law, contribute to the condition of this infant plaintiff. Thus the very heart of the plaintiffs' claims against the doctors was effectively cut out, for even if the jury found negligence as to the nurses which was imputable to the doctors, they could not find for the plaintiffs since the court said there was no causal relation. This error is so substantial as to also require a reversal and a new trial as to the defendant doctors. In view of this conclusion, we do not reach or pass upon any other questions raised.

WILLIAMS, P. J. (dissenting in part). I agree with the majority that the judgment in favor of the hospital, based upon dismissal at the conclusion of all of the testimony, was erroneous. A question of fact as to negligence was established, and the issues should have been presented to the jury. I disagree, however, that a new trial is required as to the defendant doctors.

The majority state that the verdict in favor of the defendant doctors was amply supported by the evidence. I go further and say that the verdict was overwhelmingly supported by the evidence and that, had the jury returned a contrary verdict, it could not be sustained. Nevertheless, the majority have reversed the determination of the jury in this long and involved case upon the very narrow basis of two statements made by the Trial Judge after his main charge, statements by the way to which no exception was taken; so that, if we are going to reverse

on this very narrow ground, we must do so in the interest of justice. Reversal in the interest of justice does not lend itself to this case. As I have indicated, it is very doubtful if a verdict against the doctors could stand for many reasons. This trial occupied 12 court days. It was long, involved, and complicated. The direct charge concerning the duties and responsibilities of the doctors was correct. The remarks upon which reversal is grounded — side remarks, by the way — were not directed to the doctors' responsibilities but concerned a previous ruling that had been made in favor of the hospital. In any event they were not prejudicial.

The majority have gone a long way in selecting these two isolated and incidental passages to reverse a very sensible determination by the jury, completely in accord with the weight of evidence. It seems to me that in reversing as to the doctors the court, in attributing the jury's verdict to these so-called errors, is really delving into considerations and conclusions far beyond the reasonable probabilities involved. In *Flamm* v. *Noble* (274 App. Div. 1037) the court refused to consider whether a portion of the charge was erroneous because it was not excepted to. In analyzing the case, which apparently was long and complicated, as is the present case, the court said (p. 1039): "It is nearly impossible to try a case of this length and complexity with freedom from error and mishap. A new trial should not be ordered, therefore, except for error or misconduct both substantial and prejudicial." (See, also, *Kern* v. *News Syndicate Co.*, 20 A D 2d 528.)

In my opinion, the claimed errors, if in fact they were erroneous, were not so comparatively substantial, prejudicial and important as to require the retrial of this long and complicated case. The defendants who were successful before the jury should not be required to undergo another trial. The judgment in favor of the defendant doctors should be affirmed.

HENRY, J. (dissenting). In my opinion causes of action 1 and 2 against the hospital were properly dismissed. Appellants' only claims of negligence are administration of excessive open drop ether, insufficient determination of fetal heart rate, and oversedation. The record is devoid of any proof that an excessive amount of ether was administered. There was no evidence of failure to properly take the fetal heart rate and there was no evidence that if it were not taken such omission could in any way contribute to the child's condition. In opposing the motion to dismiss, plaintiffs' attorney said that there was a question of fact for the jury as to whether 75 or 175 milligrams

of demerol was administered. The burden of proof was on the plaintiffs to establish that the hospital nurses gave Mrs. Dowell 175 milligrams of demerol instead of the 75 milligrams ordered by her doctor. The only evidence on which plaintiffs base their claim is a nurse's entry on the labor record of the numeral 75 written over the numeral 100. This entry standing alone and unexplained was ambiguous and was not evidence of the amount given. It could just as fairly and reasonably be inferred therefrom that the dose was 75 or 100 as it was to infer that it was 175. The nurse who made the entry testified that the actual dose was 75; that she wrote the figure 100 by mistake and then attempted to correct the error by writing the correct figure 75 over it. The amount of demerol given is listed "demerol 75 mg." on the medication record and "demerol 75 mg." on the newborn nursery record. The demerol was taken from a 30-centimeter bottle. A record was kept of each dose taken from the bottle with the name of the patient receiving it. This record shows that the amount withdrawn for Mrs. Dowell was 1½ centimeters, which is equal to 75 milligrams. The record further shows that the amount withdrawn for her could not have exceeded that amount because such withdrawal, together with the recorded withdrawals for other patients, exhausted the 30-centimeter capacity of the bottle. "Where, as here, there is no evidence ' that ought reasonably to satisfy a jury that the fact sought to be proved is established ', the motion * * * should have been granted. (*Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241 * * *.) " (*Quinones* v. *St. Vincent's Hosp. of the City of N. Y.*, 20 A D 2d 529, 530; *Malone* v. *New York City Tr. Auth.*, 20 A D 2d 768; cf. *Deutsch* v. *Doctors Hosp.*, 21 A D 2d 775.)

I do not agree with the majority that the interests of justice require a reversal of the judgment in favor of the defendant doctors. The court's response to the requests to charge may have been indefinite and confusing, but it was not a fundamental error, an erroneous theory, or a wrong rule of liability. Appellants' attorneys were satisfied with it. They took no exception. They made no request or suggestion that the language should be clarified. In view of the overwhelming proof supporting the verdict, I do not think that the interests of justice require a reversal.

BASTOW, GOLDMAN and NOONAN, JJ., concur in *Per Curiam* opinion; WILLIAMS, P. J., dissents in part and votes to affirm as to defendant doctors Remmer and Manogue, in opinion; HENRY, J., dissents and votes to affirm, in opinion.

Judgment insofar as it dismisses causes of action 3, 4, and 5 affirmed; judgment insofar as it dismisses causes of action 1 and 2 reversed on the law and facts and a new trial granted as to said causes of action, with costs to appellants to abide the event.