■ ANNA MUNOZ et al., Appellants, v. CITY OF NEW YORK et al., Respondents.— In an action by the female plaintiff to recover damages for false arrest, malicious prosecution and assault, and by her husband to recover damages for expenses and loss of services, the plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered March 17, 1964 after a jury trial, dismissing the complaint at the end of the entire case. Judgment affirmed, without costs. Ughetta, Acting P. J., Rabin and Hopkins, JJ., concur; Brennan and Hill, JJ., dissent and vote to reverse the judgment and to grant a new trial, with the following memorandum: The female plaintiff was arrested

by the individual defendant, a police officer; and, after a hearing in the former Magistrate's Court of the City of New York, at which he was the sole witness and she was represented by counsel, she was held for trial in the then Court of Special Sessions of the City of New York on a charge of assault in the third degree. The charge of assault was based on the officer's claim that she bit him. After trial, at which she denied this claim, she was acquitted. The ensuing civil action was based on the alleged false arrest and malicious prosecution, etc. We believe that the evidence was insufficient to prove that the officer did not make a full statement before the Magistrate as to his version of the alleged assault or that he had withheld information or facts as to his version of the assault which might have affected the result (cf. *Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241). In our opinion a jury finding that the female plaintiff did not bite the officer would have been clearly against the weight of the evidence. But it is also our opinion that there were factual issues as to whether she bit the officer and whether the officer lied before the Magistrate when he testified as to the alleged bite. In any event, we believe: (a) that a prima facie case, albeit a dubious one, was established in favor of the plaintiffs; and (b) that, under the circumstances, the dismissal of the complaint was error (cf. *Brown* v. *Simab Corp.*, 20 A D 2d 121, 124; *Hopkinson* v. *Lehigh Val. R. R. Co.*, 249 N. Y. 296).