■ MARTIN P. BRADY, an Infant, by his Guardian ad Litem, JOSEPH F. BRADY, et al., Respondents, v. CITY OF BUFFALO, Appellant.— Judgment unanimously reversed on the law without costs and complaint dismissed. Memorandum: The city constructed a slide in a public playground for use in winter months by persons with sleds and toboggans. The infant plaintiff when six years old was injured when struck by another sled. He described the accident as follows: " I was waiting in line for my turn to go up the slide. There was a lot of people in front of me. I was about near the end and some kid start[ed] running, did a belly flop on the sled and he rammed me with it." It was stipulated that the city furnished no personnel to supervise those using the facility. The legal principle is recognized that "When a public body undertakes to maintain an area for recreation, an adequate degree of general supervision must be exercised to assure that the area is reasonably fit for that purpose" but "failure to furnish adequate supervision over the activities in a playground will result in liability only if the violation of the duty had a causal relation to the accident." (42 N. Y. Jur., Parks and Recreation Centers, § 74.) Here, " There was no credible evidence of conduct at the slide, which reasonable supervision would have corrected. In other words, there was no showing that lack of supervision was the proximate cause of the accident" (Diaz v. City of New York, 25 A D 2d 430, 431, affd. 23 N Y 2d 748). The trial court should have granted defendant's motion for a nonsuit and dismissal of the complaint (Blum v. Fresh Grown Preserve Corp., 292 N. Y. 241, 245). (Appeal from judgment of Erie Trial Term in negligence action.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ.

■ PETER P. DUDA, Appellant, v. JOHN W. ROUSE CONSTRUCTION CORP. et al., Respondents.— Judgment and order unanimously affirmed, without costs. Memorandum: Upon the evidence presented we conclude that by no rational process could the jury find in favor of plaintiff that defendants employed or directed plaintiff to perform labor within the meaning of section 240 of the Labor Law. (Galbraith v. Pike & Son, 18 A D 2d 39; Mendes v. Caristo Constr. Corp., 5 A D 2d 268, affd. 6 N Y 2d 729.) We pass upon no other question. (Appeal from judgment and order of Jefferson Trial Term dismissing complaint in negligence action.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE H. WARREN, Appellant.— Judgment unanimously affirmed. Memorandum: In affirming the judgment of conviction we have considered the contents of the affidavit of Dr. Davis recited in appellant's brief. (Appeal from judgment of Monroe County Court convicting defendant of robbery, first degree.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Henry, JJ.