■ JUDITH L. HOCHMAN, Appellant-Respondent, v. ELLIOT PICKENS, Appellant, and CITY OF NEW YORK, Respondent.— In a negligence action to recover damages for personal injuries, (1) defendant Pickens appeals from an interlocutory judgment of the Supreme Court, Queens County, entered February 3, 1971, (a) in favor of plaintiff against him upon a directed verdict on the issue of liability and (b) in favor of defendant City of New York upon the trial court's dismissal of plaintiff's complaint as against said defendant, which decisions were made at the close of the entire case at a jury trial on said issue only; and (2) plaintiff appeals, as limited by her brief, from said portion of the judgment which is in favor of said defendant City of New York. Interlocutory judgment reversed, on the law, and new trial granted as to all the parties, with costs to abide the event. On October 1, 1965, plaintiff, a passenger in defendant Pickens' car, was injured when the car crashed into a road divider on one of the Northern Boulevard approaches to the Whitestone Bridge. At the end of plaintiff's case the trial court denied the defendant City of New York's motion to dismiss the complaint. However, at the end of the entire case, the court granted the city's motion to dismiss plaintiff's case as against it and granted plaintiff's motion for a directed verdict in her favor against defendant Pickens. In our opinion, the trial court erred in its ruling on both motions. The court was required to take the view of the evidence most favorable to the parties against whom the motions were made and, from the evidence and inferences to be drawn therefrom, to determine whether under the law a jury verdict might be found for them (*Merchants Nat. Bank & Trust Co. of Syracuse* v. *State Mut. Life Assur. Co. of Amer.*, 18 A D 2d 772). Viewing the evidence in that light we find that the evidence made the issue of negligence a question of fact for the jury. Upon the evidence, the jury might have concluded that defendant City of New York was negligent in failing to replace the reflector on the divider and that defendant Pickens operated his car in a reasonably prudent manner. A Trial Judge should not direct a verdict for the movant unless he finds that "by no rational process could the trier of the facts base a finding" in favor of the nonmoving party (*Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241, 245; *Holmberg* v. *Donohue*, 24 A D 2d 569). Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur.