(October 31, 1974)

■ CASE BORING CORPORATION, Appellant, v. VENDITTI CONSTRUCTORS, INC., Respondent.— Judgment unanimously reversed, on the law and facts, and new trial granted, with costs, to abide the event. Memorandum: Plaintiff appeals from a dismissal, at close of plaintiff's proof, of its action for breach of a construction contract and damages for lost profits and other expenses resulting from plaintiff's contract to do work for defendant. At the close of all evidence, the court granted defendant's motion for judgment on its counterclaim for breach of contract. The plaintiff had entered into a subcontract with defendant to furnish all materials for construction of 11 bores and the installation of casing for a sanitary sewer system for the Town of North Geddes. Defendant was to provide line and grade stakes. The contract called for proportionate payments to plaintiff for work completed at any given time as payment was received by defendant from the town. Plaintiff attempted to begin work with machinery at the construction site in January, 1968 and discovered that there were no bores staked out and defendant told plaintiff that the delay was occasioned by failure of defendant to obtain necessary temporary easements. After two and a half days without having performed any work, plaintiff's crew left the project to perform another job. In May, 1968 plaintiff's work crew returned to the site and completed three bores. Because of lack of easements, plaintiff's crew then went to another job. In October, 1968 plaintiff's employees returned and completed four more bores. On June 29, 1968 plaintiff submitted a bill to defendant for $7,000 for the first three bores and on October 28, 1968 a second bill was submitted for $12,687.50 for the next four bores. On November 14, 1968 the first bill was paid. The second bill has never been paid. Upon receiving a call from defendant's office sometime after October, 1968 plaintiff's president informed defendant that plaintiff would not complete the job until it had been paid for the work done up until that time. The proof indicates uncertainty as to when this telephone conversation took place — it may have been in November or December, 1968 or even later. Defendant contends that it continually called plaintiff to resume work but that plaintiff was busy working on other projects. In January, 1969 defendant notified plaintiff that it was canceling the contract because of plaintiff's nonperformance and stated that defendant would employ someone else to complete the job. Defendant subsequently hired another subcontractor and has counterclaimed for rental equipment leased to plaintiff and damages suffered by the necessity of securing another subcontractor to complete the job. The complaint seeks recovery for (1) money alleged to be owed plaintiff for the work performed in October, 1968; (2) for additional costs arising out of traveling to the job site when defendant had not prepared the site for work; and (3) for the lost profits as a result of being prevented from completing the subcontract. The trial court acted too quickly in arriving at its decision to take the case away from the jury. If it believed the plaintiff's position weak, it should have reserved its decision on both motions and should have waited until the jury had made its resolution of the facts. The test in directing a judgment is not whether a judgment for the plaintiff would have to be set aside as against the weight of the evidence, but whether by any reasonable process the jury could find a verdict for the plaintiff. Only if the evidence presented was legally insufficient could the court direct dismissal of the complaint (*Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241; *Carciofolo* v. *U. S. Fire Ins. Co.*, 38 A D 2d 672; *Wessel* v. *Krop*, 30 A D 2d 764; *Tirschwell* v. *Dolan*, 21 A D 2d 923). The record indicates several questions of fact for jury resolution. The determination of which party breached the contract depends in large measure on the

jury's decision as to the date when the defendant received payment from the town for the work completed by plaintiff. How material any breach on the part of either party was, or any possible waiver of the breach, further raised issues of fact. Without specifying them, there are other fact questions which properly fall within the province of jury determination. The state of the proof in the record makes it clear that there should not have been a direction of a verdict for either party. (Appeal from judgment of Onondaga Trial Term in action on contract for work, labor and services.) Present — Marsh, P. J., Moule, Mahoney, Goldman and Del Vecchio, JJ.