SUSAN M. STEWART, an Infant, by MARJORIE R. STEWART, Her Parent, et al., Respondents, v. MAURICE B. CALLAHAN, Appellant.— Appeal from a judgment of the Supreme Court, entered January 31, 1974 in Columbia County, upon a verdict rendered at a Trial Term in favor of plaintiff. At about 10 o'clock in the evening of July 4, 1971, plaintiff Susan Stewart was injured when the canoe, owned by her mother and in which she and her brother were paddling, was struck by a motor boat operated by Timothy Callahan, defendant's son. The collision occurred at a point described variously as from 75 to 600 feet from the shore of Queechy Lake in Columbia County and at a time when the canoe had no lantern or other light aboard. The jury has found the defendant negligent and the plaintiff free from any contributory negligence that was a proximate cause of this accident. The record supports such a finding and the verdict should not be disturbed. Implicit in that verdict is the jury's conclusion that the action of the 16-year-old operator, seated in a 16-foot speedboat equipped with a 4-cylinder, 120 horsepower inboard engine, in attaining a speed of 20 or 25 miles per hour within a distance some 200 yards from its dock, was the sole proximate cause of the accident. There was further testimony that at such a speed the bow of the boat was elevated to a 40-degree angle. It is highly unlikely, and the jury apparently so found, that any showing of a light from the canoe could have prevented the accident or been shown in time to avoid it. We find section 43 of the Navigation Law, and particularly paragraphs [d] and [j] of subdivision 2, as inapplicable to this case (cf. Navigation Law, § 2,

subds. 4, 6, pars. [a], [b], [c]) and, furthermore, there being no proof that the waters of Queechy Lake were navigable, it was error to charge same. In view of the jury's determination, it is not necessary for us to reach this question, but if we did, we would reverse and grant a new trial, in the interests of justice. Accordingly, the judgment and order should be affirmed. Judgment and order affirmed, with costs. Greenblott, J. P., Sweeney, Kane and Reynolds, JJ., concur; Cooke, J., dissents and votes to modify in the following memorandum. Cooke, J. (dissenting). I dissent, on the law, and vote to modify the judgment and order by dismissing the first two causes of action alleged in the complaint and, except as so modified, to affirm said judgment and order. No exception having been taken to the charge, which included the pertinent portions of section 43 of the Navigation Law, it cannot now be argued that said law is inapplicable to the case. The sole basis upon which such an argument, in any case, could have been advanced is that there is no proof in the record as to whether or not the waters of Queechy Lake are privately owned. In failing to take exception to the charge, the parties tacitly conceded that said waters are not privately owned. The other requirements of subdivisions 4 and 6 of section 2 of the Navigation Law have clearly been met. Even on this appeal, the parties do not dispute its applicability. Indeed, plaintiffs' brief contains a point entitled "The case was properly submitted to the jury on the issue of whether plaintiffs' failure to comply with the provisions of the Navigation Law contributed to the occurrence of the collision." Section 43 of the Navigation Law provides in part: "2. Every vessel in all weathers from sunset to sunrise shall carry and exhibit the following lights when under way * * * (d) Rowboats and canoes, whether under oars or sail, shall have ready at hand a lantern showing a white light which shall be temporarily exhibited in sufficient time to prevent collision. * * * (j) Every white light prescribed by this section shall be of such character as to be visible at a distance of at least two miles except as otherwise provided." (It is to be noted that paragraph [d] expressly provides for canoes.) The unexcused failure to carry and exhibit this statutory signal would be negligence in itself, but a plaintiff who does not comply does not forfeit his right to damages unless the statutory omission is at least a contributing cause of the accident (*Martin* v. *Herzog*, 228 N. Y. 164, 168–170). Similarly to the situation in *Martin* (*supra*), the evidence of the collision occurring at least an hour and a half after sunset between the motor boat and the canoe, which was proceeding without carrying or displaying the required lantern and which was unseen until a few feet before impact, is evidence from which a causal connection may be inferred between the collision and the lack of signal and, if nothing else is shown to break the connection, it is a case, prima facie sufficient, of negligence contributing to the result (id., p. 170). By no rational process could the trier of the facts on this record base a finding that plaintiff Susan Stewart's negligence did not in part cause the accident (cf. *Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241, 245). Susan Stewart admitted that she noticed the occupants get into defendant's boat at the dock, thereby giving her ample opportunity to exhibit the required light "in sufficient time to prevent collision." The canoe, at night and not more than two or three feet above water, was a very difficult object to see and there was proof that the operator of defendant's boat, seated at its right front corner, managed to see the canoe five to eight feet before impact, indicating that said operator was giving at least some attention forward and could see ahead. Although the front of the motor boat was raised above the water, there was testimony that the bow of the boat was

short and there is no proof to show that the operator's vision from his vantage point was impaired in that position to the extent that he would have been unable to see the canoe ahead had it been lighted. As a matter of law, on this record, it cannot be said that, had the canoe been equipped with a white light of such intensity as to be visible for two miles as required by statute (Navigation Law, § 43, subd. 2, par. [j]), the operator of the motor boat would have failed to see it between the time he left the dock and the time the collision occurred, particularly in view of evidence that he saw the canoe from a distance of five to eight feet when, because of the raised angle of the boat, his vision was presumably more limited than it would have been from a greater distance. The fact pattern in this case, involving as it does, an unlighted low-lying canoe on a lake at night, presents a far more compelling case for a finding that plaintiff Susan Stewart's action contributed to the occurrence of the accident than that in *Martin* v. *Herzog* (*supra*) where the plaintiff's intestate's unlighted horse-drawn buggy was struck by defendant's automobile. Thus, plaintiffs, as to the first two causes of action, did not sustain their burden of proof so as to break the causal connection between the lack of signal and the collision. As to the cause of action for damages to the canoe, on this record plaintiff Marjorie Stewart is not barred from recovery by the negligence of her daughter (Restatement, 2d, Torts, § 485).