■ NICHOLAS BURGER, Appellant, v NASSAU COUNTY, Respondent. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered October 30, 1975, which is in favor of defendant upon the trial court's dismissal of the complaint at the close of plaintiff's case, at a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The trial court erred in holding as a matter of law that the defendant county's negligence was not a proximate cause of plaintiff's injuries. There is a difference in the rule of law to be applied when enough facts have not been adduced to warrant submission of the issue to a jury and the setting aside of the verdict as contrary to the weight of the evidence (see *Blum v Fresh Grown Preserve Corp.,* 292 NY 241). Here the trial court, by dismissing the plaintiff's complaint, never reached that stage of the proceeding in which it could consider the question, if the jury found in favor of the plaintiff, whether the verdict was against the weight of the evidence. Margett, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.

■ JOANNE CROKE, as Administratrix of the Estate of CAROL A. CROKE, Deceased, Respondent, et al., Plaintiffs, v SIDNEY C. KAUFMAN, Appellant. (And a Third-Party Action.)—In an action to recover damages for personal injuries and wrongful death, defendant Sidney C. Kaufman appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County, entered June 10, 1976, as is in favor of plaintiff-respondent and against him, upon a jury verdict. Judgment reversed insofar as appealed from, on the facts, and new trial granted, with costs to abide the event. In our opinion the verdict finding a causal connection between the accident and the injuries claimed and the resulting death is contrary to the weight of the evidence. Margett, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.