■ WAVERLY THOMPSON, Appellant, v CITY OF NEW YORK, Respondent. — Judgment of Supreme Court, New York County (Boehm, J., and jury), entered on March 5, 1982, upon a jury verdict in favor of the defendant, reversed, on the law, without costs, judgment directed to be entered in favor of plaintiff on the issue of liability and case remanded for a new trial on issues of damages. While seated in the rear seat of a car legally parked at the curb on the south side of the street, appellant allegedly sustained serious physical injury[*] when her car was struck by a fire truck. The fire department vehicle, a one-piece aerial ladder truck, about 36 feet long by 9 feet wide, was, at the time of the accident, returning to the fire house and was not on an emergency call. The driver of the truck, Fireman Taliercio, attempted to negotiate the vehicle through West 123rd Street where a number of cars were illegally double-parked on the north side of the street. The commanding officer, Captain Brennan, together with other firemen attempted to assist Taliercio by guiding the fire vehicle. Brennan failed to observe the left front wheel of plaintiff's vehicle which was at an angle to the curb and was protruding into the roadway such that the fire vehicle would not clear without striking it. Indeed, after Brennan had instructed Taliercio to proceed and he and the others had resumed their positions on the fire truck, Brennan heard a thump as the right lower back step of the fire truck struck the wheel of plaintiff's vehicle, apparently damaging the rim and ball joint. The accident was investigated by the fire department. The battalion chief's report found that general responsibility for the accident lay with the fire department and that the specific responsibility was Captain Brennan's, who erred in judgment. On this record, the evidence of defendant's negligence is clear and uncontroverted. There is no evidence of any contributory negligence on the part of plaintiff, nor does it appear that any emergency situation was involved. In such circumstances, a finding in favor of the defendant lacks a rational basis and is without evidentiary support. The trial court should have directed a verdict for plaintiff on the issue of fault and failing that should have set aside the jury's verdict exculpating the defendant. Concur — Carro, Fein and Alexander, JJ.

Kupferman, J. P., and Ross, J., dissent in a memorandum by Kupferman, J. P., as follows: I dissent and would affirm. The court is attempting to substitute its judgment for that of a properly instructed jury. The only possible basis for liability is a seeming error in judgment with respect to a left front wheel of plaintiff's vehicle, which protruded into the roadway as against the right lower back step of a fire truck, which was initially properly guided. The

* All testimony regarding the extent of any injuries is missing from the record.

result of this court's position is to impose absolute liability. The question of negligence was for the jury, and they determined for the defendant.