◼ INA E. MCCARTHER, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New York County (Robert A. Harlem, J.), entered on or about November 3, 1988, which, upon the defendants' motions made at the close of plaintiff's case, dismissed plaintiff's complaint as against the defendants, unanimously affirmed without costs.

The record reveals that the trial court properly determined that the plaintiff, a home economics teacher at Joan of Arc Junior High School, located at 154 West 93rd Street, Manhattan, failed to present sufficient evidence to establish a prima facie case of negligence against the defendants for the injuries plaintiff sustained on October 23, 1978, at approximately 10:00 A.M., when she slipped and fell in a second-floor corridor of the school.

Specifically, the plaintiff's claim, that a "watery" or "gluey and sticky" liquid negligently left by the defendants on a stairway landing was the proximate cause of her fall, is negated by the fact that after the plaintiff had allegedly stepped into the liquid on the landing, between the third and second floors on staircase 9, she continued to walk down the 13 steps to the second floor without mishap, then walked through double doors leading to the second-floor corridor, made a right turn and walked approximately another 10 feet before she fell. Moreover, no proof was presented at trial that any of the foreign substance allegedly on the stairway landing was on plaintiff's shoes or the corridor floor when the plaintiff sustained her injury. In addition, a witness testified that the plaintiff seemed to slip a few times in the shoes that she was wearing, between the 3rd and 4th floors, before she had allegedly stepped into the foreign substance on the staircase landing.

Thus, viewing the evidence plaintiff produced at trial most favorably to the plaintiff, and giving the plaintiff the benefit of every inference which could reasonably be drawn from the proof presented, by no rational process could the court and the jurors have found in favor of the plaintiff. (Benitez v New York City Bd. of Educ., 73 NY2d 650, 659; Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315; Blum v Fresh Grown Preserve Corp., 292 NY 241, 245.) Concur—Sullivan, J. P., Milonas, Kassal, Wallach and Smith, JJ.