■ Skyview Metals, Inc., Respondent-Appellant, v Aluminum Mill Supply Corp., Defendant, and Bernard Grandis,

Appellant-Respondent. (Appeal No. 1.)—Judgment affirmed without costs.

All concur, except Denman, P. J., who dissents in part and votes to modify in the following Memorandum. Denman, P. J. (dissenting in part). I respectfully dissent from the majority's determination to affirm those judgments resolving plaintiffs' claims against the individual defendant, Bernard Grandis. In my view, the court erred in denying plaintiffs' CPLR 4404 (a) motion for judgment notwithstanding the verdict against Grandis. I thus would modify the judgments on appeal in Appeals Nos. 1 and 4 to direct a verdict against Grandis holding him personally liable, on theories of fraud and conversion, for all damages awarded to the plaintiffs against the corporate defendant, Aluminum Mill Supply Corp.

Plaintiffs commenced these actions alleging that they were damaged by acts constituting the torts of both fraud and conversion, as well as breach of contract, committed personally by Bernard Grandis in the name of Aluminum Mill, a closely held corporation of which Grandis is employee, president, and sole shareholder. The credible evidence at trial showed, and the jury found, that the corporate defendant breached its contractual obligation to pay for plaintiffs' materials by converting materials already in defendants' possession and by procuring delivery of additional materials through misrepresentation that it intended to pay for them. Moreover, the credible evidence demonstrated that defendant Grandis was the sole agent through whom the corporation acted in each instance. Nonetheless, while the jury properly found the corporate defendant liable in fraud and conversion for all direct and consequential damages claimed by plaintiffs, it imposed personal liability against Grandis for only a portion of one plaintiff's direct damages.

The jury verdict, insofar as it exempted Grandis from personal liability for torts he committed in the name of the corporation, should be set aside; a verdict should be directed in favor of plaintiffs and judgment should be granted holding Grandis personally liable for all damages sustained by plaintiffs (see, Cohen v Hallmark Cards, 45 NY2d 493, 498-499; Blum v Fresh Grown Preserve Corp., 292 NY 241, 245). A corporation can act only through its agents, and the record shows that the corporation's tortious acts were committed solely by Grandis. A defendant is responsible for his own tortious conduct irrespective of whether such conduct was carried out on behalf of another (3 NY Jur 2d, Agency, §§ 285-286). Personal liability is properly imposed upon a tort-feasor,

such as Grandis, who acts on behalf of a corporate principal of which he is an employee and officer *(see, e.g., Clark v Pine Hill Homes,* 112 AD2d 755; *Commercial Credit Corp. v Wells,* 228 App Div 402, 405). The jury verdict is thus irrational insofar as it exempts Grandis from personal liability for his own torts.

Because the evidence points irrefutably to the conclusion that Grandis personally committed the torts, and because "by no rational process could the trier of the facts base a finding in favor of the defendant upon the evidence here presented" *(Blum v Fresh Grown Preserve Corp., supra,* at 245), the verdict should be set aside in pertinent part and judgment directed for plaintiffs *(see, Thompson v City of New York,* 60 NY2d 948, 950, *affg* 92 AD2d 454, *rearg denied* 61 NY2d 905; *Annunziata v Colasanti,* 126 AD2d 75; *Conyers v Vinti,* 107 AD2d 787). (Appeals from Judgment of Supreme Court, Livingston County, Houston, J.—Breach of Contract.) Present— Denman, P. J., Pine, Balio, Lawton and Doerr, JJ.